G. F. BRYANT ET AL. v. SAMPSON LUMBER COMPANY ET AL.

(Filed 17 October, 1917.)

**1. Railroads—Lumber Roads — Independent Contractors—Evidence—Fires.**

In an action to recover fire damages to lands, defended under the doctrine of independent contractor in operating a steam-driven train, the principle relied on can have no application if the fire originated by sparks from the locomotive falling upon a foul right of way of the defendant, and especially is the doctrine not applicable when the jury have found under the evidence and a proper instruction that under an agreement between them the defendants were coprincipals.

**2. Railroads—Lumber Roads—Lessor and Lessee—Negligence.**

A lumber road used for hauling logs, etc., operated under a *quasi* public franchise, hauling freight for third persons, for hire, may not be leased to another so as to relieve the lessor of responsibility for the negligence of the lessee in its operation, except by express legislative sanction.

**3. Same—Master and Servant—Employer and Employee—Scope of Employment—Evidence.**

Where there is evidence that defendant's defective locomotive, traveling over defendant's foul right of way, set out sparks by which fire damage was caused to plaintiff's land, and that at the time it was in charge of defendant's general manager and answering an urgency call from another of defendant's engines to aid in putting out fires on other lands, it is sufficient to show that the employees on the train were acting within the scope of their employment, especially when there are pertinent facts in evidence which permit the inference that in helping their neighbors they were also acting in protection of the defendant's own property.

THESE were two actions brought against the defendants for the alleged negligent burning over of two tracts of land in CUMBERLAND County, which by consent were consolidated and tried at March Term, 1917, of said county, before *Connor, J.,* and a jury.

On denial of liability, plea of independent contractor, etc., the jury rendered the following verdict:

1. Is the plaintiff, G. F. Bryant, the owner and in possession of the land described in the complaint?　Answer: Yes.

2. Are the plaintiffs, G. F. Bryant, Susan A. Bryant, Pennie P. Strickland, D. T. Horne, Dolly Horne, and Molly Horne, the owners and in possession of the lands described in his complaint?　Answer: Yes.

3. Did the defendant, Sampson Lumber Company, its agents, servants, or employees negligently set out fire which was directly communicated to the lands of G. F. Bryant?　Answer: Yes.

4. Did the defendant, Sampson Lumber Company, its agents, servants, or employees negligently set out fire which was directly communicated to the lands of G. F. Bryant and sisters?　Answer: Yes.

5. Did the defendant, B. Vandegrift, his agents, servants, or employees negligently set out fire which was directly communicated to the lands of G. F. Bryant? Answer: Yes.

6. Did the defendant, B. Vandegrift, his agents, servants, or employees negligently set out fire which was directly communicated to the lands of G. F. Bryant and sisters? Answer: Yes.

7. What damages, if any, is the plaintiff, G. F. Bryant, entitled to recover? Answer: $1,472.50.

8. What damages, if any, are the plaintiffs, G. F. Bryant and sisters, entitled to recover? Answer: $150.

Judgment on the verdict, and defendants excepted and appealed.

*Bullard & Stringfield and Sinclair, Dye & Ray for plaintiff.*
*Rose & Rose for defendants.*

HOKE, J. It was urged for error that the plaintiff should have been nonsuited as to the Sampson Lumber Company, because, if there was any negligence shown, it was on the part of B. Vandegrift or his employees, and while he was operating the railroad of the codefendant as an independent contractor.

If it be conceded that the contract introduced in evidence, of itself and standing alone, would establish the relationship contended for by the company, the evidence tended to show that the fire originated by sparks from the engine falling on a foul right of way belonging to the lumber company, and under the principles recognized in *Thomas v. Lumber Co.*, 153 N. C., 351, the defense suggested could not be maintained, a decision approved in *Strickland v. R. R.*, 171 N. C., 755, and *Dunlap v. R. R.*, 167 N. C., 669, and many other cases. See, also, *Knott v. R. R.*, 142 N. C., 238.

On the record, however, the position is not open to defendant, as the jury, under the charge of the court, have necessarily found that the parties were not at the time operating under the contract relied on by defendants, but under a subsequent agreement, which constituted Vandegrift the managing agent and vice-principal of the company. Apart from this, there are facts in evidence tending to show that, while this was primarily a lumber road, used for hauling out logs, etc., it was a standard-built railroad, operated under a *quasi* public franchise, hauling freight for third persons, for hire, and except by express legislative sanction, it was not within the power of the owner, the lumber company, to contract or lease its road to its codefendant or other, so as to relieve it of responsibility for negligence in its operation. *Logan v. R. R.*, 116 N. C., 940; *Aycock v. R. R.*, 89 N. C., 321. It was further insisted that a judgment of nonsuit should have been allowed as to both defendants,

on the ground that, at the time and place the fire originated, the employees of the defendants, operating the engine and train, were not acting in the course and scope of their employment. There was ample evidence of negligence, both as to a defective engine and a foul right of way, and the motion is made on facts tending to show that the fire may have originated when an engine drawing several cars, with 25 or more employees aboard, was going up the road in response to an urgency call from another engine of the defendants to aid in putting out another fire in that vicinity and on lands of other owners. The testimony shows that Vandegrift himself, the independent contractor, according to defendant's version, and the general manager and agent of his codefendant, as plaintiff contends and the jury have found, was also aboard, and the movement of the train under such circumstances for the purpose indicated, is, to our minds, clearly within the course and scope of his authority. Unquestionably so, when there are pertinent facts in evidence which permit the inference that in helping their neighbors they were also acting in protection of their own property.

There is no error, and the judgment on the verdict is affirmed.

No error.