*H. G. Bell,* for defendant.

---

11967. McMath Plantation Company *v.* Allison & Company.

Jenkins, P. J. 1. "The general rule, in the absence of a different agree-ment, is that a real-estate broker, in whose hands property is placed for sale, earns his commissions when, during the agency, he finds a purchaser ready, willing, and able to buy, and who offers to buy on the terms stipulated by the owner." Civil Code (1910), § 3587; *Smith* v. *Tatum,* 140 *Ga.* 719 (79 S. E. 775); *Odell* v. *Dozier,* 104 *Ga.* 203 (2) (30 S. E. 813); *Doonan* v. *Ives,* 73 *Ga.* 295; *Edwards* v. *Andrews,* 24 *Ga. App.* 645 (101 S. E. 775). The petition, having stated facts fully conforming to these statutory provisions, was not subject to general demurrer. The failure to allege knowledge on the part of the owner that the offerers had been sent or obtained by the brokers could not be taken advantage of by general demurrer.

2. The ground of special demurrer to paragraph 4 of the petition, that it fails to allege the name of the officer, agent, or employee of the defendant corporation who made the contract with the plaintiffs, is not well taken. *Georgia Engineering Co.* v. *Horton,* 135 *Ga.* 58 (2) (68 S. E. 794). Moreover, the name and office of the person so acting are expressly stated in paragraph 11.

3. The ground of special demurrer to paragraph 11, that it fails to allege the authority of the person named as president of the defendant corporation to make the contract with the plaintiffs, is without merit, in view of the express averments, in paragraph 4 and subsequent paragraphs, that such act and the transactions with the prospective purchasers were the acts of the defendant corporation.

4. When a defendant presents a special demurrer, he is entitled, so as to enable him to prepare his defenses, to be fully informed of the facts which are relied upon by the plaintiff as a part of his cause of action (*Kemp* v. *Central of Ga. Ry. Co.,* 122 *Ga.* 562, 50 S. E. 465; *Richmond & Danville R. Co.* v. *Mitchell,* 95 *Ga.* 78, 85, 22 S. E. 124); and while this rule may sometimes have more especial application when the facts are such as lie primarily within the plaintiff's knowledge (*Cherokee Mills* v. *Gate City Cotton Mills,* 122 *Ga.* 268 (2), 272, 50 S. E. 82; *Miller* v. *Southern Ry. Co.,* 21 *Ga. App.* 367 (1), 94 S. E. 619), the 4th ground of special demurrer should, under the general rule, have been sustained, so as to require the plaintiffs to allege the facts as to what occurred between the defendant and the prospective purchasers, and upon which the plaintiffs rely in support of their claim for commissions. For this reason only, the judgment of the court below overruling the demurrers is

*Reversed. Stephens and Hill, JJ., concur.*

Decided May 2, 1921.

Complaint; from city court of Americus — Judge Harper. November 5, 1920.

Paragraph 4 of the decision relates to the following ground of the demurrer: " 4th. Defendant demurs specially to the whole petition as drawn, because it is not shown that the McMath Plantation Company ever breached the contract that is alleged was made with plaintiff, in that it is not alleged that the McMath Plantation Company ever sold the said plantation to the purchasers, or ever failed or refused to sell to them on the terms or under the contract alleged in the plaintiff's petition."

The petition alleges, that in June, 1919, the McMath Plantation Company employed the plaintiffs to sell for it at any time between June and December of that year a described plantation and all the personal property thereon, and to pay to the plaintiffs a commission of 5 per cent. if the sale should be made according to the terms hereinafter stated; that the price at which the McMath Plantation Company authorized and instructed the plaintiffs to sell the property was $70 per acre, which would include the personal property; that a few days after the plaintiffs had been so employed they interested named persons in the property, after showing it to them on different occasions, and in September, 1919, were advised by these persons that they expected to buy the property at the price stated above, and at the solicitation of the plaintiffs they called during that month on R. L. McMath, the president of the McMath Plantation Company, and who was acting for it, and proposed to buy the property at the price stated above; that they were financially able to pay that price, and proposed to do so prior to December 1, 1919, during the time when the plaintiffs were authorized and employed to make the sale; that R. L. McMath, the president of the said company, acting for it, employed the plaintiffs to make the sale upon the terms aforesaid, and the plaintiffs succeeded, as stated, in finding the said purchasers, who were ready, willing, and able, and offered to buy on the terms stated above; that the said persons never knew of this property until the plaintiffs showed it to them and interested them in it, and it was through the efforts of the plaintiffs, during their term of employment by the McMath Plantation Company, that the company and the said persons were brought together and the said offer to buy was actually made, and therefore the said com-

pany is indebted to the plaintiffs in a stated sum, payment of which the plaintiffs have demanded of the said company, and payment has been refused.

*Shipp & Sheppard, Wallis & Fort,* for plaintiff in error.
*Maynard & Williams, W. W. Dykes,* contra.