13341. ALLISON & COMPANY *v.* McMATH PLANTATION COMPANY.

JENKINS, P. J. The original petition sued for commissions alleged to have been earned by the plaintiff partners as real-estate brokers, on account of having found a purchaser ready, willing, and able to buy, and actually offering to buy, a 2363-acre plantation, on the terms listed by the owner, at $70 an acre, including the land and the personal property thereon. *McMath Plantation Co.* v. *Allison,* 26 *Ga. App.* 744 (107 S. E. 420). By an amendment the averments referring to the final negotiations between the owner and the prospective purchasers were amplified, and it was alleged that the purchasers offered to the president of the owner corporation to "take" the land at "your price," that he thereupon refused to sell the land and personal property, but offered to sell for the respective stockholders their entire holdings of corporate stock on the basis of a price identical with that previously offered for the property, that this offer was accepted and the stock transferred, that this plan "was adopted mainly for the purpose of defeating . . petitioners in the collection of the amount earned and due them as commissions," and that petitioners were the "procuring cause" of such final sale. The answer denied each of these allegations, and as a further defense the defendant contended that the president, who originally listed the property with the plaintiffs, was unauthorized by the corporation and its directors so to act; that the brokerage contract of the plaintiffs had expired about four weeks before the final negotiations and sale of the stock to the purchasers; that the plaintiffs were not the procuring cause of the final sale; and that the sale of the stock by the stockholders, in lieu of the sale of the land by the corporation, was made to simplify or avoid government tax-returns. The jury found for the defendant. The plaintiffs except to the overruling of their motion for a new trial. *Held:*

1. Under the pleadings and the evidence the plaintiffs' right to recover brokerage commissions could only have been based upon their having procured purchasers ready, willing, and able to buy, and who actually offered to buy, the land and personalty listed by the corporation, at the price and upon the terms authorized. Upon the procurement of such purchasers the defendant corporation would have become liable, irrespective of whether it proceeded to consummate or refused to consummate the trade; but the commission could not be treated as earned, and the defendant corporation as liable therefor, upon the additional theory now urged, that the plaintiffs were the procuring cause of the subsequent actual sale by the several stockholders of the defendant corporation of their individual holdings of corporate stock. Such a

transaction, being in its nature an individual and not a corporate act, could not form the basis of an action for commissions against the corporation. The charge of the court properly submitted the issues as to whether or not there was an offer by the purchasers to buy the property from the defendant corporation at the price listed, and whether it had refused so to sell. In so far as the court stated the plaintiffs' contentions with reference to the additional theory referred to, the charge was more favorable to them than the law required, and there was no error in failing to further amplify such additional contentions. *McMath Plantation Co.* v. *Allison*, supra; *Fenn* v. *Ware*, 100 *Ga.* 563 (28 S. E. 238); *Girardeau* v. *Gibson*, 122 *Ga.* 313, 314 (50 S. E. 91); *Hogan* v. *Gilbert*, 27 *Ga. App.* 444 (2) (108 S. E. 625); *Kesler* v. *Stults*, 15 *Ga. App.* 735 (1, 2) (84 S. E. 201).

2. In the instant suit the plaintiff brokers, both in their original petition and by amendment thereto, expressly allege that the prospective purchasers procured by them actually offered to buy the land in question " upon all of the terms " given to petitioners by the defendant. While the evidence itself is not perfectly clear, the plaintiffs on the trial appear to have conceded, or at least the jury could have found, that, while the terms of the listment contract provided for a cash payment of $100,000, with deferred payments for the balance, the prospective purchasers offered only $50,000 in cash, the larger deferred payments to fall due at the intervals stipulated by the brokers' agreement. There is no merit in the plaintiffs' contention that the conduct and refusal of the defendant to sell the land at all, at the time such varied offer was made, constituted such a breach of its contract with the plaintiffs as would render it liable under plaintiffs' suit, which is expressly predicated upon the offer of the purchasers to comply with " all of the terms " of listment. See *Howard* v. *Sills*, 154 *Ga.* 430 (114 S. E. 580), in which the Supreme Court held: " Where property is listed as indicated in the preceding note, and the broker procures a purchaser who is ready, willing, and able, and who through the broker actually offers, to buy at the price named, but only on terms other than all cash, such as might be agreed upon with the owner, and the owner refuses to meet the purchaser, assigning as the sole reason therefor that he wishes to withdraw the property from sale, the commissions of the broker are not earned."

3. The instruction complained of with reference to the authority of the president to make the alleged contract of listment with the plaintiffs, and the liability of the corporation therefor, was a substantially correct statement of the law applicable to that issue.

4. The ground that the charge stated as a main issue the issue as to whether the contract declared upon was binding on the defendant, without in the same connection stating all the other issues, and thus in effect told the jury that other issues were not material, is without merit. The charge was full and fair to both parties, and correctly submitted the issues legally involved. The evidence, while conflicting, authorized the verdict, which, having the approval of the trial judge, cannot be disturbed by this court on any of the grounds assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 7, 1923.

Complaint; from city court of Americus — Judge Harper. January 22, 1922.

*W. W. Dykes, R. L. Maynard,* for plaintiffs.

*Shipp & Sheppard, Wallis & Fort,* for defendant.