19853. EDMONDSON v. TOWN OF MORVEN.

STEPHENS, J. 1. A person who is employed under a contract whereby he agrees to drill a well and furnish the casing therefor for $4 a foot, where it does not appear that the employer has the right to direct the work or to control the manner of its performance, is employed to bring about a result, and is therefore an independent contractor. Civil Code (1910), § 4414.

2. The digging of a well, which requires the use of apparatus consisting of a steam-engine in which fire is used to generate steam, is not work which "according to previous knowledge and experience . . is in its nature dangerous" as an instrumentality likely to set fire to the neighboring buildings, "however carefully" the work is performed, where by the use of an engine properly equipped and properly operated the danger from the spread of fire from the operation of the engine can be eliminated. Where the digging of the well, with the use of the apparatus consisting of the engine, is in close proximity to an inflammable frame building, the employer of the independent contractor is not, upon the ground that the work was in its nature dangerous to others, however carefully performed, liable for damages sustained as a result of the ignition of the building from sparks emitted as the result of the negligence of the defendant in operating the engine without a spark-arrester and using in the engine wood for fuel.

3. The act of the employer in identifying the work, or pointing out to the contractor where the work is to be performed, is not an interference with, or a direction or control of, the manner of the work's execution; and although the employer at the time may know that the contractor intends to perform the work in a negligent manner, the employer's act in identifying the work or pointing out where it is to be performed can not be the proximate cause of an injury resulting from the contractor's performance of the work in the negligent manner indicated to the employer. Where the employer has contracted with the independent contractor for the digging of a well which requires, in the performance of the work, the use of a steam-engine in which fire is used to generate steam, and designates to the contractor the location of the proposed well and the necessary location for the steam-engine which the contractor contemplates using in the digging of the well, which location is within six and a half feet of an inflammable frame building, although at the time the employer knows that the contractor expects to operate the engine by the use of wood as fuel, and without a spark-arrester, and that the operation of the engine at the place indicated would en-

danger from the spread of fire the neighboring frame building, the act of the employer in designating to the contractor where to dig the well and where of necessity to locate the engine is not an interference by the employer with, or a direction or control of, the manner in which the contractor is to execute the work, and can not be the proximate cause of ignition by fire, from sparks emitted from the operation of the engine, of the neighboring building, due to the contractor's negligent operation of the engine. Civil Code (1910), § 4415.

4. In a suit against the employer for damage by fire to the plaintiff's building, alleged to have resulted from the negligent operation of the engine in setting fire to the neighboring frame building from which it spread to plaintiff's building, where the petition alleged that the employer directed the independent contractor to dig the well and to locate the engine to be used for the purpose within six and a half feet from an inflammable frame building, and that, after being informed by the contractor that the engine was not equipped with a spark-arrester and would be operated by the use of wood for fuel, and that by the operation of the engine in this manner the neighboring frame building would be in danger of fire, the employer *directed* and *commanded* the contractor to place the engine within six and a half feet from the building, and where it was not alleged that, for the purpose of being used in the digging of the well at the place indicated, the engine could be placed at any safer distance from the building, and where it was not alleged that the employer, after acquiring knowledge of the danger from fire in operating the engine under the conditions and at the place indicated, directed the contractor to proceed with the work and to operate the engine under these conditions, the petition alleged only an act of the employer which amounted to a designation to the contractor and a pointing out to him where to perform the work, and did not allege any facts from which it could be inferred that the employer assumed control of the manner of the performance of the work, or interfered in any way in the manner in which the work was to be performed, and the petition failed to allege any act of the employer as proximately contributing to the plaintiff's injury.

5. Where the employer was a municipal corporation which had employed the independent contractor to dig the well in one of the streets in the city, the fact that no legally enforceable contract existed between the employer and the contractor by reason of the failure of the contractor to give bond for the faithful performance of the contract as required in section 389 of the Civil Code of 1910, did not operate to alter the status of the relationship between the parties as respects the nature and character of the work performed or the character and conduct of the employer with reference to the operation of the work. The city therefore was not, by reason of the failure of the contractor to execute the required bond under section 389, supra, liable for any damage resulting from negligence in the operation of the engine in the performance of the work.

6. The determination by a city as respects the maintenance of a fire department for the purpose of extinguishing fires is a governmental function, and the failure of a city to maintain such a department af-

fords no ground for an action against the city for damage from fire caused by a failure of the city to maintain a fire department.

7. The petition, in the suit against the city to recover damages alleged to have been caused from the burning of the plaintiff's building·by fire set out as a result of the negligent operation of the steam-engine used by the independent contractor employed by the city to construct the well in one of the streets of the city, failed to set out a cause of action against the city and was properly dismissed on demurrer. Direction is hereby given that the plaintiff be allowed to amend the petition, to meet the deficiencies indicated in paragraphs 3 and 4 of this syllabus.

*Judgment affirmed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1930.

*James M. Johnson, T. A. Edmondson,* for plaintiff.
*Branch & Snow,* for defendant.