## 30166. CHAMBLEE-CAMP GORDON WATER, LIGHT AND POWER COMPANY v. FLOWERS.

DECIDED OCTOBER 9, 1943.

48

*Scott, Dunaway, Riley & Wiggins,* for plaintiff in error.
*Augustine Sams,* contra.

GARDNER, J. ■ The court properly overruled the demurrer to count 1. The court properly ruled that under the allegations of both counts the plaintiff was restricted in his recovery "to such amount or amounts as may have accrued within the four-year period next before the filing of this suit." The court did not err in overruling that portion of the special demurrer which called on the plaintiff to allege the date of the agreement. The petition alleged that the parol agreement was made for rental to become due for the year 1933, and for an annual rental in the amount of the taxes which the City of Chamblee would assess against the property for each of the years the defendant used the property. We are of the opinion that the court did not err in overruling the special demurrer as to the date the parol contract was made, or as to when the rent was due. Ordinarily, under a special demurrer calling for such information, it would have been error for the court to overrule the demurrer. *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (52 S. E. 539) ; *Williams* v. *Bernath,* 61 *Ga. App.* 350 (6 S. E. 2d, 184). However, under the facts of this case the judge did not err in this respect.

It will be observed that the defendant is alleged to be a corporation. A corporation can act only through its officers and agents. It will be observed that the parol agreement was one of tenancy beginning in 1933. The defendant specifically calls for the name of the person who the plaintiff claims was representing the corpo-

ration in the transaction. In our opinion the defendant was entitled to have this information, and the court erred in overruling the special demurrer calling for it. Count 1 relies on an alleged agreement for a specific amount of rent, made approximately ten years ago. Suppose this alleged officer or agent who was then acting for the corporation had ceased to be connected with the corporation, and had moved away. It is not unreasonable to conclude that the present officers in charge of the corporation would desire to confer with him, to ascertain what was his understanding of the terms of the agreement when it was made. The corporation might desire to dispute the amount of rental alleged to have been agreed on. There may be other reasons why the defendant should have this information in order to prepare its defense. The very purpose of a special demurrer is to require the pleader to allege such facts as will enable the other party to prepare his defense. This court held, in *Steed* v. *Harris,* 52 *Ga. App.* 581 (183 S. E. 847) : "The office of a special demurrer to a petition is to cause the plaintiff to inform the defendant fully of the facts relied on by the plaintiff to make out his cause of action, so that the defendant may be able to prepare his defense to the suit." Compare *McMath Plantation Co.* v. *Allison,* 26 *Ga. App.* 744 (107 S. E. 420). We reverse the judgment as to count 1 on the ground that the defendant under its special demurrer is entitled to know the name of the representative of the corporation with whom the plaintiff is alleged to have contracted.

■ Count 2 of the petition is based on an implied contract to pay rent for the use of the realty described. The judgment restricted recovery to a period of time within the statute of limitations. If the evidence should show that the defendant used the plaintiff's land as alleged in count 2, he would be entitled to recover a reasonable rental therefor, the amount to be determined by the jury. *Rome Railroad Co.* v. *Chattanooga &c., R. Co.,* 94 *Ga.* 422 (21 S. E. 69).

All other questions raised by the demurrer are matters of defense. Code, § 61-103. The court did not err in overruling the demurrer to count 2.

*Judgment reversed as to count 1, and affirmed as to count 2. Broyles, C. J., and MacIntyre, J., concur.*