1. A special demurrer calling for information material for the defendant to prepare his defense should be sustained.
2. "When title is shown in the plaintiff, and occupation by the defendant *Page 46 
an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises."
 DECIDED OCTOBER 9, 1943.
J. E. Flowers sued Chamblee-Camp Gordon Water, Light and Power Company for rent. The petition is in two counts. Paragraphs 1-3 of count 1 allege, that the defendant is a corporation of Fulton County, Georgia; that the plaintiff is the owner of realty described, situated in Chamblee, DeKalb County. The other paragraphs of count 1 we quote.
(4) "Petitioner agreed with the defendant herein that it could use a portion of said property sufficient to establish a sewer line and septic tank, which defendant desired to attach on to the sewerage system of the City of Chamblee, and sufficient portion of said land on which to establish and maintain a septic tank for the disposal of sewerage. (5) In consideration for the use of said land the defendant corporation agreed that a fair rental or compensation to petitioner would be a sum equivalent to taxes which for each year might be charged petitioner by the City of Chamblee, Georgia, for that portion of petitioner's land, described in Exhibit `A' hereto attached, which is situated within the limits of said City of Chamblee. (6) After making such agreement the defendant constructed or caused to be constructed a sewer over approximately 1400 feet of petitioner's land and a septic tank over approximately one-fourth of an acre of petitioner's land, and up to and including the year 1939 petitioner was either not charged with taxes by the City of Chamblee or through the year 1932 defendant saw that the taxes were paid. Nevertheless, in 1940 petitioner found that the defendant breached its agreement and had failed to pay either petitioner or the City of Chamblee the taxes due on petitioner's said land not only for the year 1939, but commencing with the year 1933 up to and including the year 1939, and petitioner was forced to pay and did pay the taxes on said property amounting to $644.43, which sum was the agreed reasonable rental value of petitioner's property due by the defendant and which defendant failed to pay for said years. (7) Since that time, set forth above, the taxes for 1940 and 1941 have accrued in the sum of $105.00 for each of said years and are due, and a sum equivalent thereto should *Page 47 
be paid by the defendant with interest and costs. (8) Petitioner shows that the defendant is indebted to him for the reasonable value and use of said land commencing with January 1933 and up to the present time in the sum of $854.43, representing the fair value of the use of petitioner's land during said period of time together with interest at seven per cent. per annum thereon and costs which said sum is a sum equal to the exact tax paid by petitioner to the town of Chamblee (with the exception of the last two years alleged as due and unpaid) which sum the defendant agreed to pay petitioner for the use of his land. Payment of said sum has been demanded and refused."
Count 2 continues the numerical identification, 1 being 10, 2 being 11, etc. Paragraphs 10, 11, and 12 of count 2 are the same as the first three paragraphs of count 1. The others are as follows:
"The defendant herein established a sewer line and septic tank over the property of petitioner as indicated upon Exhibit A, and has used petitioner's land for a period of seven years or more.
"That a fair rental value and reasonable compensation to the plaintiff for the use of said land during said period of seven years up to and including the year 1941 is the sum of $200 per year, or a total sum of $1400, together with interest at the legal rate of seven per cent. per annum thereon. Defendant has refused to pay said sum or any sum whatsoever to petitioner."
The defendant demurred as follows:
"1. There are not sufficient facts alleged in count 1 of the plaintiff's petition to be the basis of a cause of action against this defendant.
"2. Count 1 of plaintiff's petition shows on its face that the plaintiff is not entitled to the relief prayed for.
"3. Count 1 of plaintiff's petition shows on its face that the purported cause of action alleged is barred by the statute of limitations.
"4. Paragraph 4 of count 1 of the petition should be stricken, for the reason that the same is vague, indefinite, and a conclusion of the pleader, in that the agreement referred to is not set out in said paragraph or attached to the petition as an exhibit, if the same was in writing; it is not shown when the agreement was made; it is not set out in said paragraph or elsewhere in the petition. defendant being a corporation, who made the said agreement *Page 48 
on behalf of the defendant with petitioner, or that any agreement was made by anyone purporting to represent defendant having authority to act for defendant.
"5. Paragraph 5 of count 1 of the petition should be stricken, for the reason that the same is vague, indefinite, and a conclusion of the pleader, in that the agreement referred to is not set out as an exhibit, if the same was in writing; it is not shown when the agreement was made; it is not set out in said paragraph or elsewhere in the petition, defendant being a corporation, who made the said agreement on behalf of the defendant with petitioner, or that any agreement was made by anyone purporting to represent defendant having authority to act for defendant.
"6. Paragraph 6 of count 1 of the petition should be stricken, for the reason that the same is vague, indefinite, and a conclusion of the pleader, in that the agreement referred to is not set out in said paragraph or attached to the petition as an exhibit, if the same was in writing; it is not shown when the agreement was made; it is not set out in said paragraph or elsewhere in the petition, defendant being a corporation, who made the said agreement on behalf of the defendant with petitioner, or that any agreement was made by anyone purporting to represent defendant having authority to act for defendant.
"7. Paragraph 6 of the plaintiff's petition is further demurred to, upon the grounds that it is vague and indefinite, in that the plaintiff should state whether taxes were not charged against him up to and including the year 1939, or whether through the year 1932 this defendant `saw that the taxes were paid,' and if defendant saw that the taxes were paid who paid them.
"8. In paragraph 6 of the plaintiff's petition the entire second sentence of said paragraph should be stricken, for the reason that the petition shows on its face that plaintiff paid to the City of Chamblee the taxes due on said land and that the same was a voluntary payment on his part, and that the allegations are irrelevant and immaterial to any claim which the plaintiff has against this defendant. Furthermore, the second sentence of said paragraph should be stricken, for the reason that the petition shows on its face that the payments made by petitioner to the City of Chamblee are barred by the statute of limitations in so far as the plaintiff may have any claim upon this defendant therefor. *Page 49 
"9. Paragraph 7 of the plaintiff's petition should be stricken, In that the same is indefinite and a conclusion of the pleader. No valid agreement is set out between plaintiff and defendant, and no obligation is shown on this defendant to make payment to plaintiff of any sum equivalent to the alleged taxes referred to.
"10. Paragraph 8, count 1, of the plaintiff's petition should be stricken, for the reason that it is not set out in said paragraph or elsewhere in the petition that there was any due date for the payment of purported rent by defendant to plaintiff, and for the further reason that the claim for rent is barred by the statute of limitations, with the exception of the years 1939, 1940, 1941.
"11. Count 2 of the petition fails to allege sufficient facts to be the basis of a cause of action against this defendant. The relationship of landlord and tenant is not sufficiently set forth to support any obligation by the defendant to pay rent to the plaintiff. It is not shown when or under what circumstances defendant entered upon the alleged premises of the plaintiff, or that the entry was illegal. The petition shows on its face, in the absence of allegations of fact to the contrary, that this defendant's possession was adverse and was continuous for a period of more than ten years, and that such possession even then had been continuous and acquiesced in by the plaintiff for many years prior to that time.
"12. Paragraph 13 of count 2 of the plaintiff's petition is vague, indefinite, and a conclusion of the pleader, in that it is not shown for what period of years this defendant established a sewer line, etc., over the property of petitioner, and it should be shown when and by whom said line was established, and circumstances thereof should be alleged.
"13. Paragraph 14, count 2, of the plaintiff's petition should be stricken, for the reason that it is not set out in said paragraph or elsewhere in the petition that there was any due date for the payment of purported rent by defendant to plaintiff, and for the further reason that the claim for rent is barred by the statute of limitations with the exception of the years 1939, 1940, 1941.
"14. Paragraph 14 of count 2 fails to show when the annual rental alleged was due and any facts or circumstances that would authorize plaintiff to recover any sum whatsoever against this defendant, and particularly for any years other than 1939, 1940, and 1941, the allegations of count 2 showing that the claimed rent for *Page 50 
all prior years was barred by the statute of limitations at the time of the filing of this suit."
The court passed the following order: "The foregoing demurrer coming on to be heard, after argument of counsel and due consideration by the court, it is ordered that each and every ground of demurrer be and the same are hereby overruled, except those grounds pointing out that plaintiff's claim in both counts 1 and 2 is barred by the statute of limitations, except for a period of four years next before the filing of this suit. All grounds of demurrer thus attacking plaintiff's claim in counts 1 and 2 are sustained, and plaintiff is restricted in his right of action to such amount or amounts as may have accrued within the four-year period next before the filing of this suit."
1. The court properly overruled the demurrer to count 1. The court properly ruled that under the allegations of both counts the plaintiff was restricted in his recovery "to such amount or amounts as may have accrued within the four-year period next before the filing of this suit." The court did not err in overruling that portion of the special demurrer which called on the plaintiff to allege the date of the agreement. The petition alleged that the parol agreement was made for rental to become due for the year 1933, and for an annual rental in the amount of the taxes which the City of Chamblee would assess against the property for each of the years the defendant used the property. We are of the opinion that the court did not err in overruling the special demurrer as to the date the parol contract was made, or as to when the rent was due. Ordinarily, under a special demurrer calling for such information, it would have been error for the court to overrule the demurrer. City Council of Augusta
v. Marks, 124 Ga. 365 (52 S.E. 539); Williams v.Bernath, 61 Ga. App. 350 (6 S.E.2d 184). However, under the facts of this case the judge did not err in this respect.
It will be observed that the defendant is alleged to be a corporation. A corporation can act only through its officers and agents. It will be observed that the parol agreement was one of tenancy beginning in 1933. The defendant specifically calls for the name of the person who the plaintiff claims was representing the corporation *Page 51 
in the transaction. In our opinion the defendant was entitled to have this information, and the court erred in overruling the special demurrer calling for it. Count 1 relies on an alleged agreement for a specific amount of rent, made approximately ten years ago. Suppose this alleged officer or agent who was then acting for the corporation had ceased to be connected with the corporation, and had moved away. It is not unreasonable to conclude that the present officers in charge of the corporation would desire to confer with him, to ascertain what was his understanding of the terms of the agreement when it was made. The corporation might desire to dispute the amount of rental alleged to have been agreed on. There may be other reasons why the defendant should have this information in order to prepare its defense. The very purpose of a special demurrer is to require the pleader to allege such facts as will enable the other party to prepare his defense. This court held, in Steed v. Harris,52 Ga. App. 581 (183 S.E. 847): "The office of a special demurrer to a petition is to cause the plaintiff to inform the defendant fully of the facts relied on by the plaintiff to make out his cause of action, so that the defendant may be able to prepare his defense to the suit." Compare McMath Plantation Co. v.Allison, 26 Ga. App. 744 (107 S.E. 420). We reverse the judgment as to count 1 on the ground that the defendant under its special demurrer is entitled to know the name of the representative of the corporation with whom the plaintiff is alleged to have contracted.
2. Count 2 of the petition is based on an implied contract to pay rent for the use of the realty described. The judgment restricted recovery to a period of time within the statute of limitations. If the evidence should show that the defendant used the plaintiff's land as alleged in count 2, he would be entitled to recover a reasonable rental therefor, the amount to be determined by the jury. Rome Railroad Co. v. Chattanooga c. R.Co., 94 Ga. 422 (21 S.E. 69).
All other questions raised by the demurrer are matters of defense. Code, § 61-103. The court did not err in overruling the demurrer to count 2.
Judgment reversed as to count 1, and affirmed as to count 2.Broyles, C. J., and MacIntyre, J., concur. *Page 52