34256. COMMUNITY GAS CO. *v.* WILLIAMS *et al.*
34257. HAMILTON GAS CO. INC. *v.* WILLIAMS *et al.*

Decided September 26, 1952—Rehearing denied October 15, 1952.

74

*John I. Kelley, T. Elton Drake, John M. Williams,* for plaintiff in error (case No. 34256).

*E. W. White, J. Ray Merritt, Wheeler, Robinson & Thurmond, Marvin Allison, Dunaway, Howard & Embry,* contra.

*Marvin Allison, Dunaway, Howard & Embry,* for plaintiff in error (case No. 34257).

*E. W. White, J. Ray Merritt, Wheeler, Robinson & Thurmond, John I. Kelley, T. Elton Drake, John M. Williams,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is strongly contended by the resident defendant Hamilton Gas Co. that the original petition set forth no cause of action against it; that as to it there was not enough to amend by; that the amendment was improperly allowed for this reason and for the reason that the original cause of action attempted to be set out is abandoned and a new and different cause of action is set out; and that "negligence upon a new and different theory and distinctly different media or agencies is attempted to be stated, which results not in the statement in correct form of the original cause of action but an attempt to change to a new and different cause of action." The tests frequently applied to amendments are that the amendment may contain additional matter

descriptive of the same wrong pleaded in the original petition, but must not plead any other or different wrong; it must, in connection with the petition, set forth a group of facts the result of which is to conclusively evince the existence of a legal wrong; it must be germane to the petition in that it further elucidates the legal wrong intended to be declared upon, and it must not plead any other or different wrong than that originally set forth. *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691 (13 S. E. 809); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318); *Simmons* v. *Beatty*, 57 *Ga. App.* 350 (195 S. E. 289). The mere addition or change of the allegations of negligence in a petition by amendment is not in itself conclusive that a *new* wrong is thereby being pleaded, for "the allegations in the declaration touching the specific acts of negligence . . may be varied or added to by amendment during the progress of the trial, so as to adapt the pleadings to the evidence." *Harris* v. *Central Railroad*, 78 *Ga.* 525 (1) (3 S. E. 355); *Goble* v. *L. & N. R. Co.*, 187 *Ga.* 243 (8) (200 S. E. 259); *Gray* v. *Garrison*, 49 *Ga. App.* 472 (1) (176 S. E. 412). In *Southeastern Stages* v. *Abdella*, 77 *Ga. App.* 772, 777 (50 S. E. 2d, 85) it was held: "Where general negligence is alleged as the cause of an injury, the changing of allegations as to particular acts of negligence, even if the changes contradict the original, does not constitute a new cause of action." This is directly in line with the decision in *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126 (32 S. E. 30) and the opinion there, at page 128, distinguishes cases in which general negligence is alleged and the particulars of negligence are changed by amendment from cases where no general negligence is alleged but the act relied upon constituting negligence is insufficient. Here, general negligence on the part of both defendants was alleged in the first sentence of both the original paragraph 16 and the amendment thereto. One of the allegations of negligence was retained in substantially the same form; the remainder were retained as to Community Gas Co. but stricken as to Hamilton Gas Co., and additional specifications of negligence were added. None of these changed the *relationship* between the parties in regard to the *legal wrong inflicted*, the fatal defect in the case of *Simmons* v. *Beatty*, supra, and *Davis* v. *Muscogee Manufacturing Co.*, supra, cited by the plaintiff in

error. "When a cause of action appears in the declaration, that, and that only, is the one which the pleader is supposed to have designed. When none appears, the design is to be sought in the light of what is alleged in the declaration compared with what is alleged in the proposed amendment. If the two sets of allegations harmonize so as to be parts of one and the same sufficient design, and so as to fill out that design and render it as complete on paper as the law requires it to be, the amendment is germane and must be allowed." *Ellison* v. *Ga. R. Co.*, supra, p. 712.

Comparison of the original petition and amendment here reveals that the same legal wrong is asserted; that the relationship of the parties is unchanged; that certain facts are stricken and others added which clarify the action intended to be declared upon; that certain specifics of negligence are added but that they arise from the same violation of the same duty, and were inchoately present in the facts originally though imperfectly, alleged. The amendment was in consequence properly allowed. Grounds 2, 3, and 4 of the renewed demurrers in case No. 34256 and grounds 2, 3, and 6 of the renewed demurrers in case No. 34257 are without merit.

■ It appears that the physical fact productive of injury was the unloading and dropping of the gas tank by an employee of Community Gas Co. in such a way that the gas escaped and exploded. It is strongly urged by counsel for the plaintiff that the allegations of the petition are sufficient to show that the act was committed by both the employees of the defendant Community Gas Co. and the agent of the defendant Hamilton Gas Co. This court must examine the facts as alleged in the petition, construed most strongly against the plaintiff on demurrer, to see whether a cause of action is set out upon any theory. Thus construed, it does not appear that the defendant Hamilton Gas Co. participated in or had charge of the unloading of the tank, although the president of that corporation did accompany the truck for the purpose of pointing out the house, and did repeat to the employee of Community Gas Co. the plaintiff's directions as to where it was to be put. These were not acts, when construed with the allegations that Community Gas Co. delivered the gas, and that its employees unloaded the same,

which bound the latter defendant 'for the negligence of the former, or affirmatively showed that Mr. Hamilton was himself charged with the responsibility of unloading the tank, or himself unloaded it and caused it to fall. Nowhere does the petition allege that Hamilton Gas Co. was the principal of the other defendant, nor does it allege facts which would constitute such agency. The allegations that *each* defendant participated, cooperated in and was interested in promoting the sale of the product for profit, and the agreement by which Community Gas Co. filled orders received by Hamilton Gas Co., is not sufficient to establish a joint adventure or enterprise between them in such way as to make the one liable for the tortious acts of the other. See *Clement A. Evans & Co.* v. *Waggoner*, 197 *Ga.* 857(1c) (30 S. E. 2d, 915); *Atlanta Metallic Casket Co.* v. *Southeastern Wholesale Furn. Co.*, 82 *Ga. App.* 353 (61 S. E. 2d, 196); *Bowman* v. *Fuller*, 84 *Ga. App.* 421 (1) (66 S. E. 2d, 249). It appears that the church trustees gave Hamilton Gas Co. an order for the installation of propane gas; that a copy of this order was turned over to Community Gas Co. and filled by the latter with its own truck and its own employee. Community Gas Co. must therefore be construed to be a mere vendor of the commodity, a sort of subcontractor of Hamilton Gas Co. with complete control of its own operations. It does not appear by whom the installation was to be done, but the delivery and unloading are affirmatively shown to be the sole responsibility of Community Gas Co., an independent contractor employed for this purpose by Hamilton Gas Co. See *Zurich General Accident &c. Ins. Co.* v. *Lee*, 36 *Ga. App.* 248(1) (136 S. E. 173). This is, indeed, the contention of the plaintiff in error, and is here adopted. An employer is not generally liable for the negligence of such independent contractor. Code § 105-501; *Ridgeway* v. *Downing Co.*, 109 *Ga.* 551, 559 (34 S. E. 1028). However, certain exceptions to this rule obtain, as set forth in the succeeding Code section, § 105-502, as follows: "The employer is liable for the negligence of the contractor . . 2. If, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed." The amended petition alleges that propane gas is a highly inflammable and explosive substance and that the defendants each

knew that to handle and deliver the tank in question involved great danger and hazard to anyone in the vicinity. The mere fact that Hamilton was present at the time and directed where the tank was to be put would not make him liable as an employer of the independent contractor under the fifth exception in Code § 105-502 on the theory that he interfered and assumed control, for an employer has the right to supervise the work to the extent of seeing that the results are in conformity with the specifications. *Harrison* v. *Kiser*, 79 *Ga.* 588(7) (4 S. E. 320); Moore *v.* Phillips, 197 Ark. 131 (120 S. W. 2d, 722). However, where the work done is inherently dangerous, or involves peculiar risk of bodily harm to others unless special precautions are taken, this duty is nondelegable and the employer is liable for negligence of the contractor which produces a result falling short of what it was the employer's duty to attain. Restatement, Law of Torts, Vol. II, Chap. 15, Topic 2, §§ 423, 426, 427; Galentine *v.* Borglum, 235 Mo. App. 114 (150 S. W. 2d, 1088). Where the work to be done is dangerous only because of the absence of proper care, the doctrine of nonresponsibility for the negligence of the independent contractor may apply, but if the work is dangerous in itself unless reasonable care is taken to render it harmless, this doctrine does not apply. Campus *v.* McElligott, 122 Conn. 14 (187 Atl. 29). Inflammable gas is an inherently dangerous substance. *Bray* v. *Atlanta Gas-Light Co.*, 46 *Ga. App.* 629 (168 S. E. 96); *Chisholm* v. *Atlanta Gas-Light Co.*, 57 *Ga.* 28. See also *Atlanta Consolidated Street Ry. Co.* v. *Owings*, 97 *Ga.* 663 (25 S. E. 377); *Baldwin* v. *Georgia Automatic Gas Co.*, 85 *Ga. App.* 767 (70 S. E. 2d, 108). Propane gas was held to be inherently dangerous in Allison *v.* Ideal Laundry & Cleaners, 215 S. C. 344 (55 S. E. 2d, 281). That case, incidentally, held the employer of the independent contractor not liable under evidence demanding a finding that the employer made a thorough investigation of the use of propane gas in the manner in which he planned to use it which revealed no previous knowledge or experience on his part that the work to be done was in its nature dangerous to others, no matter how carefully performed. The opinion there, on page 354, held as follows: "As said in many of the decisions, which will be found by reference to the annotations cited hereinabove, the

rule is difficult of application to varying conditions and circumstances and virtually every case has to be considered on its own peculiar facts." What the evidence in the case at bar may show is not now known, but on demurrer the allegation that the defendants both knew that to undertake to deliver a tank charged with such high explosive created great danger to everyone in the vicinity must be taken as true.

In *Georgia Power Co.* v. *Gillespie*, 49 *Ga. App.* 788 (176 S. E. 786) it was held that, although electricity is an inherently dangerous substance, where there was a safe way to perform the work and the negligence resulting in injury was purely collateral to the work contracted to be done, the employer would not be liable. In the instant case, the act of actually unloading the tank was not collateral to, but a performance of, the work contracted to be done. Nor would the Hamilton Gas Company have the benefit of a presumption that the contractor would perform the work in a safe manner when he was actually present, and therefore had full knowledge of the method of delivery being used. The dissenting opinion in the *Georgia Power Co.* case, supra, says in part as follows: "While it may be just to hold the party authorizing the work in the former case exempt from liability for injury resulting from negligence which he had no reason to anticipate, there is, on the other hand, good ground for holding him liable for injury caused by an act certain to be attended with injurious consequences if such consequences are not in fact prevented, no matter through whose default the omission to take the necessary measures for such prevention may arise," quoting from Bower *v.* Peate, 1 Q.B. Div. 321. This is the recognized rule of law where applicable, and this court is of the opinion that it applies to the facts of the present case.

In *Butler* v. *Lewman*, 115 *Ga.* 752 (2) (42 S. E. 98) it was held that the arrangement of doors in a building, although confusing, did not create a nondelegable hazard. In *Edmondson* v. *Town of Morven*, 41 *Ga. App.* 209 (2) (152 S. E. 280) it was held that the digging of a well with a steam engine was not inherently dangerous as an instrumentality likely to set fire to adjacent premises. In *Ridgeway* v. *Downing Co.*, supra, the contractor, in digging the trench for a building foundation, did not properly guard the same, which was a negligence collateral

to the result sought to be obtained. The rule of law in Code § 105-502(2) was first stated in *Atlanta & F. R. Co.* v. *Kimberly*, 87 *Ga.* 161 (2) (13 S. E. 277), was contained in the Code of 1863, and is based on common-law principles. See Bower *v.* Peate, supra; Pickard *v.* Smith, 10 C.B. 470. A proprietor, landlord, owner, employer or contractor, in dealing with an independent contractor or subcontractor, has certain duties relating to the exercise of reasonable care in work which from his knowledge and experience is known to be intrinsically dangerous, which duties are nondelegable. Such acts have been held to include blasting operations (Asheville Construction Co. *v.* Southern Ry. Co., 19 Fed. 2d, 32, Hunter *v.* Southern Ry. Co., 152 N. C. 682, 68 S. E. 237); fumigation of premises (Ferguson *v.* Ashkenazy, 307 Mass. 197, 29 N. E. 2d, 828); spraying from airplanes (Hammond Ranch Corp. *v.* Dodson, 199 Ark. 846, 136 S. W. 2d, 484); the escape of a dangerous animal (Yazoo & MVR Co. *v.* Gordon, 184 Miss. 885, 186 So. 631); emitting sparks from a railway engine (Bryant *v.* Sampson Lumber Co., 174 N. C. 360, 93 S. E. 926); raising an embankment which is unguarded (Deming *v.* Terminal Ry. of Buffalo, 63 N. Y. S. 615, 61 N. E. 983). The duty of exercising reasonable care in dealing with a dangerous instrumentality to see that the result intended was attained is nondelegable, and here a jury question is presented by the petition both as to whether such care was used, and as to whether the defendant knew that the work was in its nature dangerous to others no matter how carefully performed.

The allegations of the petition are also sufficient to constitute a jury question as to whether the agent of the Community Gas Company was negligent in the manner in which he unloaded the tank of gas and as to whether this negligence constituted the proximate cause of the injuries and damage for which this action is maintained. The first ground of demurrer in case No. 34257 and grounds 1, 2 and 3(a) of the original and 2 and 8(c) of the renewed demurrers in case No. 34256 were properly overruled.

■ Paragraph 3 of the petition alleges as a jurisdictional fact that the defendant Community Gas Co. has an agent in Gwinnett County. Paragraphs 3, 4 and 5 of this defendant's demur-

rer attack the allegation as a conclusion. As to whether such an allegation is sufficient when its only purpose is to set out the jurisdiction of the court, see *Flint River & Northeastern Ry. Co.* v. *Sanders,* 18 *Ga. App.* 766 (3) (90 S. E. 655). In any event, no error harmful to the defendant could result, since the court here has jurisdiction of the defendant as an alleged joint tort-feasor regardless of its place of business in that county and, if service were improperly made, the proper remedy would be by traverse. The petition does not show on its face that the court has no jurisdiction of this defendant.

■■■ Paragraphs 5, 6, 7, 8, 9 and 25 of the renewed demurrers of Community Gas Co., and paragraph 3 of the original and 4 of the renewed demurrers of Hamilton Gas Co. attack the allegations of paragraphs 6 and 7, and 18 of the amended petition which set out the arrangements made between the church trustees and Mr. Hamilton and the working relationship between the defendants. These facts are relevant and material because, as seen above, they disclose, when construed against the pleader, that the relationship between the parties was that of employer and independent contractor. Further, these paragraphs contain matter of inducement to the specific acts for which the plaintiff claims redress, and as such may be set out in simplified and general terms. *Rhodes* v. *Industrial Finance Corp.,* 64 *Ga. App.* 549 (13 S. E. 2d, 883). Whether the agreement between the defendants was oral or written is not material here since the action is not based on such contract. Code § 81-105; *Ramsey* v. *Langley,* 86 *Ga. App.* 544 (71 S. E. 2d, 863). For the same reason, paragraph 7 of demurrer in case No. 34256 attacking the allegation that "at the request of Hamilton Gas Co. Inc." the other defendant sent one of its trucks, is without merit.

■ The 8th ground of demurrer in case No. 34256 and the 4th ground in case No. 34257 call for additional information as to the agent of the defendant Community Gas Co. who sent one of its trucks, and the agent who unloaded the same, neither being specified. Facts peculiarly within the knowledge of the opposite party need not be alleged with the same definiteness as those peculiarly within the knowledge of the pleader. *Beebe* v. *Smith,* 76 *Ga. App.* 391 (2) (46 S. E. 2d, 212); *South Ga.*

*Power Co.* v. *Beavers,* 39 *Ga. App.* 374 (1) (146 S. E. 924). However, a corporation acts only by and through its officers and agents, and is ordinarily entitled to know the name of the agent alleged to be acting in its behalf. *Chamblee-Camp Gordon Water &c. Co.* v. *Flowers,* 70 *Ga. App.* 45 (1) (27 S. E. 2d, 234). The petition here failing to allege the names of the agents in each case, and also failing to allege that this was known to the defendant but unknown to the plaintiff, is subject to special demurrer.

■ Paragraphs 10, 11 and 12 of demurrer in case No. 34256 complain that the allegation that an agent and employee of Community Gas Co. began to unload the tank of gas from the truck is contradictory to the allegation that "Upon arrival at the premises, petitioner indicated to the said Hamilton the point for installing said metal container . . and thereupon said Hamilton directed the agent and employee of Community Gas Co. to unload said tank." "The act of the employer in identifying the work, or pointing out to the contractor where the work is to be performed, is not an interference with, or a direction or control of, the manner of the work's execution." *Edmondson* v. *Town of Morven,* 41 *Ga. App.* 209, supra, headnote 3. The allegations are not contradictory and these demurrers are without merit.

■ Reasonable definiteness and certainty is all that may be required in pleading, and factitious demands by special demurrer should not be encouraged. *Jefferson Standard Life Ins. Co.* v. *Bentley,* 55 *Ga. App.* 272, 276 (190 S. E. 50). The allegations of paragraph 13 that "the tank was permitted to fall" and that the gas "was soon ignited" are not uncertain for failing to allege in what manner these facts occurred. The petition sufficiently shows that the employee of Community Gas Company negligently permitted the tank to fall: This caused a part of the tank to break off and allowed the gas to escape into the open house. The manner in which the gas then became ignited forms no basis of this action and is immaterial except to show that it happened. Special demurrers 13 and 14 in case No. 34256 are without merit.

■■ Paragraph 14 of the petition has appended thereto an itemized list, room by room, of approximately 500 items of

clothing and household goods with the value of each stated, of a total of $20,772.45. It is true that allegations must specify the quality, quantity and value of the items at issue. *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (52 S. E. 539). The special demurrers attack numerous of these items, such as "50 used fishing plugs, $35.00 . . 2 brass bowls, $15.00, Christmas tree decorations, lights, etc., $5.00 . . 1951 Ford V-8-Custom 2 door radio, conditioned air heater, seat covers, white sidewalls, average retail according to NADA November 1951— $1825" on the ground that there is no adequate description and no market value shown as to each individual item. Certain demurrers were sustained to the listing of the contents of the pastor's study and no exceptions appear here. As to the other items, they are reasonably identified and the value stated in such manner as to put the defendant upon notice of what he is called upon to defend. Special grounds 15, 22, 23, 25, 26, 32 and 33 of the original and 27 of the renewed demurrer in case No. 34256, and special grounds 5 of the original and 8 of the renewed demurrers in case No. 34257 were properly overruled.

■ The special demurrers calling for particularization of the amount of $900 allegedly incurred for doctor and hospital bills should have been sustained, as the defendant is entitled to have this information. *Louisville & N. R. Co.* v. *Barnwell,* 131 *Ga.* 791(4) (63 S. E. 501); *Martin* v. *Waltman,* 82 *Ga. App.* 375 (61 S. E. 2d, 214); *Perkins* v. *Publix Theatres Corp.,* 47 *Ga. App.* 641(5) (171 S. E. 147). The trial court erred in overruling special demurrers 16(c) and 24 of the original and 14 of the renewed demurrers in case No. 34256, and 6 of the original and 5(b) of the renewed demurrers in case No. 34257.

■ The husband being presumed to be head of the house and responsible for his wife's necessary expenses, and being also entitled to the services, society and consortium of his wife, these are the only proper elements of damage for which this plaintiff may sue in his capacity as husband. Code §§ 105-108, 53-511; Am. Jur., Husband and Wife, §§ 503, 504. Her own physical injuries and attendant pain, suffering and nervous impairment are no part of his cause of action, nor is her resultant nervousness and impatience, except insofar as it causes a loss of her services to him. Accordingly, paragraphs 16 (a,

b, and d) of the original and paragraphs 10 and 11 of the renewed demurrers in case No. 34256, and paragraph 5(a) of the renewed demurrers in case No. 34257, insofar as they refer to the wife's injuries as a part of the husband's damages, should have been sustained. The other grounds of objection in these demurrers to paragraphs 15 and 15(a) were properly overruled. The value of the wife's services is a jury question, to be estimated in the light of the evidence and their own observation and experience. *Ga. Ry. & Power Co.* v. *Shaw*, 25 *Ga. App.* 146(3) (102 S. E. 904).

■ Paragraphs 11, 18, 19, 20, 21, 22 and 23 of renewed demurrer in case No. 34256 attack the allegations of negligence set out in the statement of facts herein as shown by paragraph 16 of the petition as amended on the ground that they are conclusions of the pleader not warranted by the facts pleaded, and that they do not give sufficient information as to what ought to have been done by the defendant. The allegations of paragraph 16 as amended are not objectionable as mere conclusions, nor are they indefinite in not furnishing sufficient information.

The trial court properly overruled the general demurrers in both cases. The special demurrers in both cases should have been sustained as pointed out in divisions 4(b), 5(b) and 6 of this opinion. All other special demurrers were properly overruled.

*Judgment affirmed in part and reversed in part both cases. Gardner, P.J., and Carlisle, J., concur.*