### 20360. SCHNORE *v.* JOYNER *et al.*

BELL, J. 1. Where suit was brought to recover damages of a master and his servant because of the negligence of the latter, and the master was described therein as "Southern Bearing & Parts Company, a corporation," and where after the filing of the suit the plaintiff discovered that there was no corporation by this name but that the person intended to be sued as master was in fact an individual who did business under the trade name of Southern Bearing & Parts Company, the court did not err in allowing the plaintiff to amend the petition by inserting the name of the individual doing business under that trade name, and in ordering the issuance of process and service with respect to him, since the amendment correcting the misdescription of the defendant as a corporation and otherwise, as indicated, served merely to identify the person intended to be sued, and involved no substitution of parties nor the adding of a new and distinct party. Civil Code (1910), § 5686; *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4) (124 S. E. 169, 900) ; *South Georgia Power Co.* v. *Beavers,* 39 *Ga. App.* 374 (2) (146 S. E. 924) ; 47 C. J. 242, and cit.

2. In a suit to recover damages from two alleged joint tort-feasors, for injury caused to the plaintiff by collision of vehicles negligently operated respectively by the defendants at an intersection of streets, one of which the plaintiff was at the time about to cross as a pedestrian, where each of the defendants contended that the other and not himself was the one at fault if fault existed, and one of them invoked a municipal ordinance to show that he, as against the other, had the right of way, the reasonableness of the ordinance, if drawn into question, was apparently a matter for determination by the court *(Bugg* v. *Ledford,* 35 *Ga. App.* 647 (2), 134 S. E. 330) ; but where there was no issue or contention upon the trial as to the validity or reasonableness of the ordinance, it was not cause for a new trial to the party relying upon the ordinance (although he alone was found to be liable) that the court instructed the jury that "whether or not there is a reasonable ordinance regulating the traffic, of force at the time—at any time—is a question of fact for the jury," it being improbable that this instruction could have misled the jury into a finding that the ordinance was unreasonable. *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (7) (16 S. E. 49) ; *Flowers* v. *Faughnan,* 31 *Ga. App.* 364 (3) (120 S. E. 670).

3. Where a series of propositions are presented en bloc in a single request to charge, the court is not required to give them or any part of them if any one of the propositions is erroneous or inapplicable to the case on

trial. The instructions desired in the instant case were requested en bloc within the meaning of this rule, and the exceptions are governed thereby, although the refusal to give each of the several propositions in charge was separately assigned as error in the motion for a new trial. *Western Union Tel. Co.* v. *Owens*, 23 *Ga. App.* 169 (5) (98 S. E. 116); *Thompson* v. *O'Connor*, 115 *Ga.* 120 (5) (41 S. E. 242).

4. One of the requested instructions would in effect have made the liability of the plaintiff in error depend solely upon the issue as to whether the vehicle of which the servant of the plaintiff in error was in charge had the right of way at the time of the collision, whereas the evidence presented an issue as to the existence of negligence on the part of such servant. Such instruction would have been error and was properly refused. *Georgia Ry. & Power. Co.* v. *Head*, 155 *Ga.* 337 (6) (116 S. E. 620).

5. One of the propositions contained in the request being incorrect, there was no error in refusing to give any of them in charge.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 17, 1931.

*Philip Wellner,* for plaintiff in error.

*McDaniel, Neely & Marshall, Harry L. Greene, E. G. Jackson, James L. Key, Branch & Howard,* contra.