## Williams v. Dean Phipps Auto Stores, Inc.

*Wade K. Newell*, for plaintiff.
*W. Brown Higbee*, for defendant.

DUMBAULD, P. J., March 4, 1941.—Over the door of a store on Main street, Uniontown, is the sign "Dean Phipps Auto Stores." The same sign was on the same store on July 21, 1937. On that date J. C. Williams entered the store to make a purchase. While so engaged, he fell through an open space down a set of stair steps and sustained serious injuries. It is contended for plaintiff that he was hurt because of the negligent arrangement of the door and the stairs. He and his attorney later returned to the store to examine the premises and to learn who actually owned and operated the store. The manager in charge of the business told them that the store belonged

to "Dean Phipps Auto Stores, Inc." His counsel learned, by correspondence with the State Department, at Harrisburg, that there is a corporation whose office is in Scranton, Pa., duly incorporated, using that name. To recover compensation for his injuries, he entered suit on June 30, 1939, naming as defendant, "Dean Phipps Auto Stores, Inc." The sheriff makes return that he "served the within summons personally on G. M. Spangler, manager for Dean Phipps Auto Stores, Inc., defendant, in their store at Uniontown, Fayette County, Pa., by making known to him the contents thereof and by handing to and leaving with him a true and correct copy of the within writ, together with a copy of plaintiff's statement of claim."

On July 24, 1939, Higbee, Lewellyn & Higbee, as attorneys for Dean Phipps Auto Stores, Inc., filed an affidavit of defense to plaintiff's claim. Therein it is denied that Dean Phipps Auto Stores, Inc., was trading and doing business at no. 71 West Main Street, Uniontown, Pa. It is denied that this corporation ever did business in the City of Uniontown and it is denied that the corporation has any responsibility for the injury to plaintiff.

No motion to abate the action or strike off the service of the pleadings because of misnomer of defendant was filed by any party. Later plaintiff learned to his satisfaction that the Uniontown store was owned and operated by Dean Phipps, an individual doing business as "Dean Phipps Auto Stores." Thereupon a petition to amend the record so as to make the defendant Dean Phipps, trading as Dean Phipps Auto Stores, was presented to the court.

In the meantime the two years succeeding the date of the injury expired. Defendant objects to the amendment on the ground that plaintiff seeks to bring a new defendant into court after the intervention of the statute of limitations.

This situation places upon the court the duty of determining first of all what entity was brought into court as a result of the service of the summons above referred to. If that writ brought into our jurisdiction Dean Phipps,

trading as Dean Phipps Auto Stores, then the right defendant was sued and served and the addition of the letters "Inc." to the trade name was simply a mistake in describing the status of defendant. In that case the amendment simply corrects the wrong name of the right party and is allowable.

If the summons brought into court the incorporated entity "Dean Phipps Auto Stores, Inc.," alone, and that corporation only was required to answer the exigency of the writ, then the petition to amend came too late and must be refused.

We find no equity in defendant's position and we consider it from the purely legalistic standpoint. We thus conclude that "Dean Phipps Auto Stores" is the thing or entity sued. We find a store in Uniontown under the management of Spangler. This store has a sign displaying the name "Dean Phipps Auto Stores." No certificate showing that this is a fictitious name is of record in the office of the prothonotary. The condition of the store is alleged as the cause of the injury. The manager in charge of the store, who furnished to plaintiff the name under which the suit was brought, was served. The person, the partnership, the unincorporated association or the corporation that owned this store was thus legally summoned to answer this complaint and was reasonably required to disclose its identity. If it chose to answer, it was required to answer on the merits. Instead we have the bare denial of responsibility by the corporation. As noted, we have no motion to strike off either the pleadings or the service or abate the writ because of a misnomer of defendant. Service of the writ could, yes must, have been made exactly as this service was made in the absence of Phipps personally, if defendant had been otherwise described as "Dean Phipps, doing business as Dean Phipps Auto Stores."

We, therefore, conclude that the right defendant is in court; that the use of the word "Inc." is only descriptive of the entity actually sued; and that the description of the real defendant may be supplied by amendment.

Statutes of amendment are liberally construed to give effect to their clearly-defined intent so as to prevent a defeat of justice through a mere mistake as to parties or the form of action.

A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it will be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations: Wright v. Eureka Tempered Copper Co., 206 Pa. 274; White Co. v. Fayette Auto Co., 43 Pa. Superior Ct. 532.

This conclusion is supported by abundant authority. Many State and Federal decisions may be cited, holding that where the word "corporation" or "incorporated" is given as part of the party's name it is regarded as descriptive of the real party and may be stricken out by amendment.

In the annotations of Blackwood v. Spartanburg Commandery No. 3, Knights Templar, et al., 121 A. L. R. 1320, 1325, under the head "IV. Describing party as corporation when he is an individual", we find (on page 1335), cases from many jurisdictions in which the right to amend is sustained: World Fire & Marine Insurance Co. v. Alliance Sandblasting Co., 105 Conn. 640, 136 Atl. 681; Schnore v. Joyner et al., 42 Ga. App. 688, 157 S. E. 353; Bush v. Serat, 217 S. W. 865, and other cases; and Goldstein et al. v. Peter Fox Sons Co., 22 N. D. 636, 135 N. W. 180 (p. 1331).

In Nelson v. Jadrijevics, 59 F. (2d) 25, 27, Sibley, Circuit Judge, speaking for the Circuit Court of Appeals for the Fifth Circuit, says:

"The amendment did not really add a new party, but corrected the mistaken allegation that the person employing the plaintiff was a corporation by stating that person to be an individual named H. B. Nelson, but who did business under the name H. B. Nelson Construction Company. This correction was well within the per-

mission of the liberal rule of practice quoted, provided the person referred to was really before the court. The question is one of service rather than of pleading. The service was made upon W. A. Gillogly, as manager of the company. Nelson himself is asserted in argument not to have been in the Canal Zone. The service was apparently insufficient, but it was never questioned. The defendant appeared by counsel and moved that a cost bond be given, and later pleaded to the merits in all respects, merely denying generally the paragraph which alleged the defendant to be a corporation. Such appearance of counsel cured the want of proper service. After the petition was amended, the same counsel continued to represent the defendant, and now appears on this appeal as representing H. B. Nelson. There has been in these proceedings no hindrance to reaching the merits of the controversy, which is the true aim of all procedure. We find no error therein."

In Ex parte Nicrosi, 103 Ala. 104, 15 So. 507, the Supreme Court of Alabama, by McClellan, J., uses this language:

". . . in each of these papers [the affidavit, bond, and writ of attachment] that company is referred to as 'The Roswald Grocery Company, a corporation.' It having developed that the Roswald Grocery Company was not in fact a corporation, nor even a partnership, but the name under and by which Esther Roswald, a married woman, having the right to engage in business, carried on a grocery business in the house rented from plaintiff, and which, through her agent, she signed to the notes for the rent sought to be recovered, the plaintiff moved for leave to file an amended affidavit and bond, and to amend the attachment writ, so that the words 'Esther Roswald, a married woman, doing business by the written consent of her husband . . . under the name and style of 'The Roswald Grocery Company', should appear in each in lieu of the words, 'The Roswald Grocery Company, a corporation'. The court denied this motion, and we are now

asked to issue a writ of mandamus . . . directing the allowance of the proposed amendments.

"From this statement of the facts it is clear that the Roswald Grocery Company, whatever it was, whether a partnership, a corporation, or an individual, assuming the name for the purposes of trade, was the party against whom or which the suit was instituted, has all along been prosecuted, and will be continued if and after the amendments moved for are allowed. There is, in other words, no question here as to the identity of the defendant, throughout all the proceedings which have been or may, in any proposed event, be had, being originally and at all times the same in the mind of the plaintiff. The entity which entered into the rental contract, which has enjoyed the shelter of plaintiff's house, which has failed to pay the agreed price therefor, and which is sought in this action to be coerced into payment thereof, is one and the same, whether it be a contractual entity (a partnership), an artificial entity (a corporation), or a personal entity (an individual) ; and, whether one or another of these entities, its name is the same,—'The Roswald Grocery Company;' and its liability is the same. . . . That entity, whatever its character, or the source or manner of its being, was proceeded against originally in this case, and brought before the court by attachment of its property. Once there, it was found that a mistake had been made; not as to the entity itself (not as to the party sued), but merely in respect of describing what kind of an entity the party defendant was. The motion to amend stated· and confessed this mistake of description. The plaintiff averred and showed this mistake, and he asked to correct it. He, in effect, said to the court that, while he had sued the proper party, and had levied on the goods of the proper party, he had misdescribed that party, not indeed in respect even of the name of the defendant, but in respect solely of the status of that proper party, as being an artificial, instead of a personal, entity; for, surely, the averment that the Roswald Grocery Company was

a corporation is no part of the name of that company . . . The further amendment is that this company is Esther Roswald, and that she is engaged in business, rented this house, executed these notes, and owes this debt under the name and style of the Roswald Grocery Company; or, in other words, that she is, and all along has been, the Roswald Grocery Company, for all the purposes of this suit. Obviously this part of the amendment, so far from operating a change of the sole party defendant, on its face demonstrates that she is the identical party originally sued under the name which she had assumed and borne throughout the transactions involved in the suit. The amendments should have been allowed."

Our Pennsylvania courts have held to the same rule. Very much like our case is that of Wright v. Eureka Tempered Copper Company, supra. There, as here, the sheriff served the manager of the company, on whose premises plaintiff was injured. There, as here, the sheriff returned the writ as served on an existing corporation. There the named corporation still existed, but did no business. Here the named corporation actually exists, but denies doing business in this county. There it was held that service on the manager of the right company brought that company into court. Here, service on the manager of Dean Phipps Auto Stores in Uniontown, where that named entity was doing business, brought that entity into court.

Says Mr. Justice Fell:

"He served the right party, the manager of the copper works, and thus brought that company into court, but under a wrong name. The mistake in bringing the suit was in the name of the party actually summoned, and not in suing the wrong party, and the amendment should have been allowed."

Our case seems to be ruled by the reasoning and decision of our Superior Court, in an opinion by Linn, J. (now Mr. Justice Linn), in Dress v. Schuylkill Railway Co., 83 Pa. Superior Ct. 149. In that case the writ was

issued and served, naming as a defendant Schuylkill County Railway, an existing corporation, but not doing business in the place where plaintiff was injured.

The sheriff returned the writ "Served the within writ on the Schuylkill County Railway Company, Pennsylvania corporation, at its office in the Borough of Girardville, Schuylkill County, Pa., by handing a true and attested copy of said writ to C. Sims Bailey, general manager of said Schuylkill County Railway Company, and then in charge of said office and making known to him the contents thereof personally on June 18, 1921 . . ."

"On March 6, 1922, the Schuylkill County Railroad Company filed its affidavit of defense, sworn to by James D. Evans, vice-president, averring that while it owned a section of the railway line operated by the Schuylkill Railway Company, it did not operate it . . . it therefore denied responsibility for the negligence charged.

"On March 22, 1922, plaintiff filed a petition to amend the record by striking off the word 'County' from the title of the defendant named, leaving it read Schuylkill Railway Company. A rule to show cause was granted, and was answered by the Schuylkill County Railway Company, and was heard on that petition, answer and an agreement of facts filed for the purpose of disposing of the rule. The answer alleged that the Schuylkill County Railway Company had no office in Schuylkill County, and that C. Sims Bailey (served by the sheriff) was not the general manager of the Schuylkill County Railway Company, and that he was not connected with it in any way. It was agreed that Bailey was the general manager of the Schuylkill Railway Company; that its office was in the Borough of Girardville, Schuylkill County, where the sheriff had served the writ and Bailey was in fact served . . .

"The Court held that the Schuylkill Railway Company had in fact been served with process, had appeared, and was subject to the jurisdiction of the court, and accordingly allowed the amendment . . .

"The real question therefore is whether the evidence shows that the parties understood from the beginning that the Schuylkill Railway Company, the party intended, was brought in by the writ served by the sheriff on June 18, 1921. We have substantially stated that evidence; what effect must be given to it?

"The lawyer who informed plaintiff's counsel of the corporate title of the company he wished to sue, was, of course, mistaken; the sheriff was mistaken in returning his service of the writ upon Bailey as general manager of the Schuylkill Railway Company at its office in Schuylkill County as a service upon Bailey in a capacity which he did not possess, and on behalf of a corporation with which he was not connected and which had no office in the county. On the facts shown, we must hold that the right party—that is, the party intended by the plaintiff, though wrongly designated in the writ, was served; that party was not misled, but all along understood that it was intended."

In the case that we are deciding, the manager in charge of the place of business, where the injury was inflicted, was of course mistaken when he told plaintiff that the store was the property of Dean Phipps Auto Stores, Inc.; the sheriff was mistaken in returning his service of the writ upon Spangler as manager of the Dean Phipps Auto Stores, Inc., as a service upon Spangler in a capacity he did not possess and on behalf of a corporation with which he was not connected, and which had no office in the county. On these facts shown, we must hold that the right party—that is the party intended by plaintiff, though wrongly designated in the writ, was served: McGinnis v. Valvoline Oil Works, 251 Pa. 407; Druckenmiller v. Young, 27 Pa. 97; Meitzner v. Baltimore & Ohio R. R. Co., 224 Pa. 352; Tonge v. Item Publishing Co., 244 Pa. 417.

Simple justice requires that this amendment be allowed.