31953. AMERICAN FIDELITY AND CASUALTY
COMPANY INC. *et al. v.* FARMER.

168

DECIDED APRIL 29, 1948.  REHEARING DENIED MAY 26, 1948.

*Strang, Fletcher & Carriger, Gleason & Painter,* for plaintiffs in error.

*McClure, Hale & McClure,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The trial judge did not err in sustaining the plaintiff's general demurrers to the pleas in abatement filed by the defendants and in dismissing them. The action, being one against a nonresident motor common carrier and its insurance carrier, was properly brought in the county where the cause of action arose. Code, § 68-618. The insurance carrier was properly joined as a party defendant to the action. Code (Ann. Supp.), § 68-612; *Lloyds America* v. *Brown,* 187 *Ga.* 240 (200.S. E. 292). The contention of the defendants that the Sheriff of Fulton County could not serve the process issued in said action because it was directed to the Sheriff of Dade County is without merit. Under the express provisions of the act approved February 16, 1945 (Ga. L. 1945, p. 147, Code, Ann. Supp., § 81-221 et seq.) "If the party to be served is not a resident of the county in which the action or proceeding is pending, he may be served in any other county in which he may be found by the sheriff of that county, or his deputies, delivering to said party such process. . . It shall be

no objection to the service or the return that the process or summons was not directed to the officer making the service." It is not necessary for the process to be directed to the sheriff making the service, but it is sufficient if the service be made by the officer upon the defendant within the State if it is made by a sheriff or his deputy of the county where the action is pending, or within the county of the residence of the sheriff or his deputy, where the service is made by a sheriff or deputy of another county within the State where the defendant may be found. Nor was it necessary that second originals be issued and served upon the defendants and return of service made upon these second originals. The act above mentioned further provides "whatever sheriff or deputy shall serve such process, summons, or notice may make the return of service upon the original or a second original." In the present case, the return was made upon the original, and this was sufficient. The cases cited and relied on by the plaintiffs in error deal with the law prior to the act of February 16, 1945, above mentioned, and are inapplicable to the present case, where the service of process and return of the officer making the same was authorized under the provisions of that act.

In their brief, counsel for the plaintiffs in error concede that the Sheriff of Dade County could have brought the processes to Fulton County and served them without the necessity of second originals, but contend that the Sheriff of Fulton County had no authority to serve the processes because they were directed to the Sheriff of Dade County, and no second originals were issued directed to the Sheriff of Fulton County. This contention can not be legally sustained. Under the express provisions of the act of February 16, 1945, above mentioned, any process in connection with any civil action in any county in this State may be served in any other county where the defendant may be found by the sheriff of that county or his deputies delivering to said party such process, and when this is done, the sheriff or deputy serving such process "may make return of service upon the original or a second original." In the present case, the return was made upon the original, and this was sufficient to comply with the requirements of this act. While a second original could have been issued for Fulton County, this was not mandatory, but merely

permissive. The process and service in the present case was legally sufficient, and the trial judge properly sustained the demurrers to the defendant's pleas in abatement.

■ The individual defendant was designated in the caption of the petition as "Ralph M. Bowman, doing business as Bowman Transportation Company, Incorporated" but in the body of the petition it was alleged "That defendant Ralph M. Bowman . . is operating under the name and style of Bowman Transportation Company" and the process was issued against "Ralph M. Bowman, doing business as Bowman Transportation Company and American Fidelity & Casualty Company, Inc.," and the defendant Bowman was served as "Ralph M. Bowman, d/b/a Bowman Transportation Co." The contention of the defendant Bowman that he was sued as a corporation and not as an individual and that his plea in abatement should have been sustained was properly overruled by the trial judge. Whether or not an individual can transact business as a corporation is not now involved, as the action was amended so that the petition set out that the individual defendant was transacting business under a trade name. The amendment did not change the cause of action or substitute other parties for those set out in the original petition. The plaintiff is the same and the defendants are still Ralph M. Bowman, an individual, and his insurance carrier. Whether the individual defendant is transacting business under one trade name or another is immaterial, where he is individually served with process directed against him. The court did not err in allowing the amendment so that the correct trade name of the individual defendant was substituted for the erroneous one, and in thereafter sustaining the general demurrer to the defendant's plea in abatement on this ground. In this connection see *Schnore v. Joyner,* 42 *Ga. App.* 688 (157 S. E. 353), and citations; *Worth v. United Electric Supply Co.,* 42 *Ga. App.* 702 (157 S. E. 246); *Ernest G. Beaudry Inc. v. Freeman,* 73 *Ga. App.* 736 (38 S. E. 2d; 40).

■ In paragraph 18 of his petition, the plaintiff alleged, in substance, that the employee and agent of the defendant Bowman violated the laws of Georgia in driving said truck into the wagon in which the plaintiff was riding "when the way for clear

and free passage was open," constituting such aggravating circumstances and showing such a conscious disregard for the safety of persons using the highway as to entitle the plaintiff to recover exemplary damages. The only special demurrers to these allegations of the petition were that "it is not alleged that said injuries were wilfully inflicted or that this defendant [Bowman] was present at the time of or condoned the infliction alleged by the plaintiff." This ground of demurrer did not raise the question as to whether or not the facts alleged in the petition were sufficient to authorize the awarding of exemplary damages, but only raised the question of whether or not it was necessary for the defendant to be personally present or to thereafter condone the acts of his servant and employee before exemplary damages could be awarded. In this State, the master is liable for exemplary damages in case the wrongful acts are committed by the agent or servant in the course of or in connection with his duties or employment, provided such wrongful acts are sufficient to authorize a recovery for exemplary damages, irrespective of any express authorization or subsequent ratification. "If the tortious acts of the servant or agent be such, when committed in the business of the company and within the scope of the servant's employment, as would have subjected the servant to exemplary or vindictive damages had he been sued as principal, the company will be responsible for like damages when it is sued for such misconduct of its servant in its business." *Gasway* v. *Atlanta & West Point R. Co.*, 58 *Ga.* 216 (2). It was held in *Battle* v. *Kilcrease*, 54 *Ga. App.* 808 (3, 4) (189 S. E. 573): "Recovery of punitive damages may be authorized where the circumstances of the tort are such as to evince an entire want of care and an indifference to consequences. Wilful and intentional misconduct is not essential." Under the allegations of the petition, the defendant's servant was grossly and wantonly negligent in driving his truck into the rear of the wagon on which the plaintiff was riding "when the way for clear and free passage was open." The petition alleged sufficient facts to authorize the recovery of punitive damages if substantiated by the evidence. In this connection see *Rutland* v. *Dean*, 60 *Ga. App.* 896 (1) (5 S. E. 2d, 601). In this case, however, the court did not submit the issue of punitive or exemplary damages to

the jury, and any error in ruling on this ground of special demurrer, although this court holds there was none, was cured by the action of the court in not submitting this element of damage to the jury. The other grounds of general and special demurrer were likewise without merit and the court did not err in overruling them.

■ When the case came on for trial, a motion to strike was made, on the ground that the plaintiff had failed to meet that portion of the demurrer which was sustained, in that he had failed to attach the original or a copy of the insurance policy upon which liability of the insurance company was predicated. The plaintiff had amended his petition by attaching a copy of the certificate of indemnity insurance which had been issued by American Fidelity &. Casualty Co. Inc., to Ralph M. Bowman, d/b/a Bowman Transportation Company, dated July 2, 1945, and a copy of the endorsement required by the Georgia Public Service Commission. The plaintiff alleged in this amendment that he did not have the original policy of insurance issued to the defendant Ralph M. Bowman by the defendant American Fidelity & Casualty Company, but that said policy was in the possession of the defendant Ralph M. Bowman and a copy thereof in possession of the American Fidelity & Casualty Company, and he called upon the defendants to produce the original or a copy thereof at the trial of the case. Under the facts alleged, the petition was not subject to demurrer because a copy of the insurance policy was not attached to the petition. *Spalding Construction Co.* v. *Simon*, 36 *Ga. App.* 723, 726 (3) (137 S. E. 901) ; *Industrial Life & Health Ins. Co.* v. *Young*, 49 *Ga. App.* 293 (175 S. E. 271). The trial judge did not err in overruling the defendants' motion to strike the case from the docket. Furthermore, the insurance policy involved was produced by the defendants at the trial of the case and was introduced in evidence by the plaintiff.

■ The evidence, although conflicting, is sufficient to support the verdict, and the judge did not err in overruling the general grounds of the motion for a new trial. The contention of the plaintiffs in error, that the verdict is contrary to "the principles of justice and equity" and was the result of "inflammatory pleadings, irrelevant, prejudicial testimony respecting jail con-

finement," etc., so that the "defendants were denied a fair trial and therefore the verdict was contrary to justice and equity" can not be considered by this court under the general grounds of the motion, where the sole question for consideration by this court is whether or not the verdict is supported by the evidence. All conflicts in the evidence were for the jury, which resolved these conflicts in favor of the plaintiff and this finding has the approval of the trial judge. Since the verdict is supported by the evidence, this court will not control the discretion of the trial judge in passing upon the general grounds of the motion for a new trial.

■ In paragraph 18 of his petition, the plaintiff alleged that his injuries were the result of gross and wanton negligence of the operator of the truck, and that by reason thereof he was entitled to recover, in addition to other damages, exemplary damages. In his charge to the jury, the court did not instruct the jury as to exemplary damages nor submit this issue to the jury, but charged only as to general and special damages. Special grounds 1, 2, 3, and 4 of the motion complain of the refusal of the court to instruct the jury that there could be no recovery of exemplary damages under the evidence, and that the violation of a statute alone or gross negligence alone is insufficient to authorize the award of exemplary damages, which are only awarded to deter or prevent the wrongdoer from repeating the trespass. Special grounds 12, 13, 14, 15, and 16 assign error on the court's refusal to give in charge certain requests limiting the recovery in case punitive damages were found by the jury, or instructing the jury under what circumstances such damages could be awarded to the plaintiff. Since the jury was not authorized under the charge given to award any punitive damages, the refusal of the requests could not have been harmful to the defendants, and the trial judge did not err in overruling these nine grounds of the motion for a new trial.

■ In special ground 5 of the motion error is assigned on the failure of the court to instruct the jury that unless the defendant Bowman was operating his truck under a certificate of convenience and necessity, issued by the Georgia Public Service Commission, that the defendant insurance company could not be sued jointly with said individual defendant, and the jury

should find a verdict in favor of the insurance company. This ground of the motion is without merit. It was alleged in paragraph 2 of the petition that the defendant Bowman had properly qualified with the Georgia Public Service Commission as a motor contract and common carrier, and this allegation was not specifically denied by the defendants in their answers. Moreover, the insurance policy issued by the defendant insurance company specifically provided that it was given under the provisions of the Motor Carrier Act of 1931 as amended in 1937, and that the policy had been "amended to provide the coverage or security for the protection of the public required with respect to the operation, maintenance or use of motor vehicles under certificate of public convenience and necessity issued to the insured by the Georgia Public Service Commission," etc., and whether or not he had properly qualified was within the knowledge of the defendant. Bowman and his insurer. "Where facts are charged to be within the knowledge of a party, or where from all the circumstances such knowledge is necessarily presumed, and he fails to answer altogether, or makes an evasive answer, the charge is to be taken as true." Code, § 81-308. The trial judge did not err in overruling special ground 5 of the motion.

■ The plaintiffs in error contend in special ground 6 of the motion that the court erred in refusing to instruct the jury that it should look to the "terms, provisions, and conditions" of the contract of insurance to ascertain whether or not the plaintiff has complied therewith and if he had not complied therewith, then it would not be authorized to find a verdict against the insurance company. The court properly refused this request. The policy in the present case was executed under the provisions of law, and "the provisions of the policy are superseded by the terms of the statute." The court instructed the jury as to the provisions of the statute, and did not err in refusing the request and in overruling special ground 6 of the motion. In this connection, see *American Casualty Co.* v. *Southern Stages*, 70 *Ga. App.* 22 (27 S. E. 2d, 227).

■ Error is assigned in special ground 7 of the motion on the refusal of the court to instruct the jury "that the intention with which an agent or servant (in this case the driver of the

truck) acts may be considered in determining the amount of damages for which the principal is liable." The present case was one for damages for certain personal injuries alleged to have been sustained by the plaintiff as the result of negligence on the part of the individual defendant's servant and employee. The question of punitive or exemplary damages was not submitted to the jury. The only damages submitted to the jury were general and special damages alleged to be the direct and proximate result of the negligence of the servant of the individual defendant. Under these circumstances, the intention with which he committed the acts of negligence, if he was in fact negligent, was not material to the issues involved. The trial judge did not err in refusing the request and in overruling special ground 7 of the motion.

■ In special ground 8 complaint is made on the refusal of the court to give in charge the following request: "I charge you, that if you find that the negligence, if any, of the plaintiff was equal to or greater than the negligence, if any, of the defendant, Ralph M. Bowman, doing business as Bowman Transportation Company, then you would not be authorized to award the plaintiff any damages." This ground of the motion is without merit. The court instructed the jury with reference to the negligence of the parties, "if they are equally negligent, the plaintiff would not be entitled to recover; if the plaintiff's negligence was greater than the defendant's negligence, the plaintiff would not be entitled to recover in either of these cases." The charge of the court in this respect was almost the identical charge requested. The court did not err in overruling this ground of the motion for a new trial.

■ The plaintiffs in error complain in special ground 9 that the court failed to give the following request to charge: "I charge you that if you find that the injury to the plaintiff is small or that the mitigated [mitigating] circumstances are strong, nominal damages only should be given." The court instructed the jury, "If the injury be small or the mitigating circumstance be strong, nominal damages only are given" and this was substantially the exact charge as requested by the defendants. Special ground 9 of the motion is without merit.

■ Error is assigned in special ground 10 of the motion on

the refusal of the court to give the following request: "I charge you that you are only authorized to award the plaintiff such damages as you believe are necessary to compensate him for the injuries he has received." The court fully instructed the jury as to the proper measure of damages with reference to the different items claimed, and gave in substance the language of the above request. The judge did not err in overruling special ground 10 of the motion.

The court did not err in refusing to instruct the jury "I charge you that you will not consider the contract of insurance between the defendant in determining the question of negligence against the Bowman Transportation Company, its agents, servants and employees" as contended in special ground 11 of the motion. This instruction was not authorized under the pleadings and evidence of the case and was not an issue in the case. The court instructed the jury "that you should not return any verdict against the American Fidelity and Casualty Company just because it is the insurance carrier, it would not be liable unless the defendant, Bowman Transportation Company, is liable." There was nothing in the pleadings or evidence of the case to indicate that the jury should consider the contract of insurance in determining the question of negligence of the parties. The judge in his charge clearly instructed the jury that if the plaintiff recovered, he must do so upon one or more of the grounds of negligence claimed in the petition, but if it did not find the act which it deemed to be negligent to be one of the grounds of negligence claimed in the petition, that it could not find for the plaintiff. Under the charge given, the court did not err in refusing to give the request and in overruling ground 11 of the motion.

Ground 17 of the amended motion for a new trial complains of the refusal of the trial judge to give the charge on the use of the Carlisle Mortality tables and the annuity tables, which were introduced in evidence by the plaintiff in error, the charge requested being Charge 2 as set out in *Florida Central & Peninsular R. Co.* v. *Burney*, 98 *Ga.* 1, as reprinted in Code (Ann.), Book 32, p. 466. The charge requested was not adjusted to the pleadings and evidence in this case. The plaintiff in his petition alleged that he sustained certain described per-

sonal injuries, which caused him intense pain and suffering, that he still suffers pain from these injuries and his condition is growing worse and that his injuries are permanent. He sued for general damages for pain and suffering on account of the alleged personal injuries, and also for the items of special damages, enumerated in the petition. The measure of damages for pain and suffering is the enlightened conscience of impartial jurors. The charge requested is pertinent and applicable where personal injuries have been inflicted and the plaintiff seeks to recover damages for an alleged permanent diminution in his earning capacity and there is evidence to warrant a finding of such diminution. In the present case the plaintiff did not sue for damages for a diminution in his earning capacity and the evidence submitted did not warrant a finding for such damages. Therefore, the trial judge did not err in refusing to charge the jury as complained of in ground 17 of the motion.

In special ground 18 of the motion, error is assigned on the following charge: "You will have out with you certain tables, known as the Carlisle Mortality Tables, which show the probable length of life that people of a given age, that is how long they would live if a person is 81 years old, about how long he would live from then on out; a person 60 years old, or any other age, about how long that person's life would be, then there is a certain annuity table. Now these tables . . are not binding upon you, you are not obliged to use any of them, if you don't see fit to; that was just introduced for the sole purpose of aiding you in arriving at some fair value of consideration that you award the plaintiff in this case, in case you should award anything, and in arriving at [his] expectation." This charge explains the purpose of the table in determining expectancy. The petition alleged that the injuries were permanent, and there was evidence to the effect that the injuries would result in permanent pain and suffering, and the defendant had introduced, without objection, the tables showing the expectancy of a person 82 years old. Under the pleadings and the evidence the charge complained of was not error for any reason assigned in this ground of the motion.

Special ground 19 of the motion complains of the failure of the court to give in charge to the jury certain requests after

having approved them. The requests are not set out in this ground of the motion, but reference for same is made to grounds 3, 8, 9, 10, 11, 12, 13, 14, 15, and 16 of the amended motion. Ground 20 complains of the failure of the court to charge a portion of the request to charge as set out in ground 17 of the motion after having approved the same in writing. These grounds are incomplete and present nothing for consideration by this court for "Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error." *Bowen* v. *Smith-Hall Grocery Co.*, 146 *Ga.* 157 (4) (91 S. E. 32) ; *Dixon* v. *State*, 28 *Ga. App.* 756 (3) (113 S. E. 24), and citations; *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 715 (145 S. E. 486). Moreover, the merits of each of these grounds referred to in grounds 19 and 20 are ruled on above in divisions 6, 10, 11, 12, 13, and 14 of this opinion. The trial judge did not err in overruling grounds 19 and 20 of the motion.

Ground 21 complains of the admission by the court of certain testimony of the witness, Word Page, over the objection that he had not qualified as an expert, nor had he properly qualified to give an opinion as to the health of an individual. The testimony to which objection was made is: "Yes, they were able to go about their usual farm duties; they were hard workers, regular workers. Since the accident I have noticed a considerable difference in their ability to do their work. I have seen a lot this summer, I am farming there this year, this summer, I believe, I have done his plowing, a day and a half, that he absolutely couldn't do, I have just taken his place, did it for him. Yes, I help them on their place no in their work, and my wife has [helped] them all along, and my daughter. There has been no charge made for these services, just been good neighbors, helped them out. The work which I and my wife and daughter have been doing all these months since the accident to help them out, that is work which they were formerly able to do for themselves before the accident, and which they did do." The witness had previously testified that he was a neighbor of the plaintiff, and had farmed with him, and knew him well. In the testimony to which objection is made, the witness testified

that he had seen a lot of the plaintiff. The opinion given in the evidence is as to the ability of the plaintiff to perform his usual duties, before and after the accident, based on the observations of the witness. No attempt is made to testify as to the character and nature of the injuries, and no opinion is based on such. The trial judge ruled, in admitting the testimony, that "he can testify about their activities, I reckon, whether or not he is able to go about ordinary duties." A nonexpert witness who is familiar with the physical condition and capacity of the plaintiff before the time of the alleged injuries may properly testify to the effect of such injuries based on his observations of the plaintiff undertaking to work subsequently to the injury as compared to his observations of his undertaking to work prior to the time of the alleged injury. *Metropolitan Life Ins. Co.* v. *Saul*, 189 *Ga.* 1 (3) (5 S. E. 2d, 214). The trial judge did not err in admitting the testimony and in overruling ground 21 of the motion.

Ground 22 of the motion complains of the refusal, on motion of the defendants, of the trial judge to grant a mistrial, after ruling out certain questions and answers during the examination of J. H. Baty, a witness for the plaintiff and a son-in-law of the plaintiff, in respect to a criminal prosecution against Samples, the driver of the truck, and his efforts at a settlement. The court instructed the jury at the time to disregard any question and answer in regard to any criminal prosecution, and anything pertaining to any settlement. The trial judge is vested with a broad discretion in this respect, and it can not properly be said that there was an abuse of this discretion, under the facts and circumstances here disclosed. The court did not err in overruling ground 22 of the motion. In this connection see *Blount* v. *Beall*, 95 *Ga.* 182 (3) (22 S. E. 52); *Hughes* v. *Weaver*, 39 *Ga. App.* 597, 599 (12) (148 S. E. 12).

The verdict is supported by the evidence, no error of law appears, and the judge did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur. Felton, J., concurs specially in division 18 of the opinion.*