33150.  MARTIN *v.* WALTMAN.

DECIDED SEPTEMBER 14, 1950.

378

*B. Hugh Burgess, Neely, Marshall & Greene, Edgar A. Neely Jr.,* for plaintiff in error.

*Sloan & Telford, Sidney O. Smith Jr., Julius A. McCurdy,* contra.

SUTTON, C. J. ■ Where, as in this case, a declaration in attachment is brought against a defendant in a trade name, the defendant named therein being Ed Martin Sea Food Company, such a declaration is amendable by alleging and inserting the

name of the individual doing business under such a trade name, so that the name of the defendant is shown as Ed Martin, doing business as Ed Martin Sea Food Company, and such an amendment does not involve the substitution of a new and distinct party, but merely serves to identify the intended defendant as an individual doing business under a trade name. Accordingly, the trial judge did not err in overruling the objections of the named individual, through his counsel, to such an amendment, and the same was properly allowed. See Code, § 81-1206; *Schnore v. Joyner,* 42 *Ga. App.* 688(1) (157 S. E. 353); *Mauldin v. Stogner,* 75 *Ga. App.* 663 (44 S. E. 2d, 274); *American Fidelity & Casualty Co. v. Farmer,* 77 *Ga. App.* 166, 177(2) (48 S. E. 2d, 122).

■ When the plaintiff undertook to amend his declaration by showing certain medical expenses incurred, the names of the doctors furnishing the medical treatment should have been alleged, and that part of the amendment relating to these medical expenses was subject to special demurrer for this reason. *Louisville & Nashville R. Co. v. Barnwell,* 131 *Ga.* 791, 792 (4) (63 S. E. 501); *Perkins v. Publix Theatres Corp.,* 47 *Ga. App.* 641, 642 (5) (171 S. E. 147). This same amendment was also defective in failing to disclose how or in what manner the suit of clothing that the plaintiff was wearing was damaged, and how or in what manner the truck and trailer were not equipped with efficient and serviceable brakes, and subject to special demurrer for these reasons. The objections in these respects, if properly made, should have been sustained by the trial judge, with leave for the plaintiff to amend to meet the same. However, in respect to the naming of the doctors and the manner in which the brakes were not efficient and serviceable, the record discloses that the information was developed during the course of the trial, but in respect to the suit of clothing only the physical damage was shown, without disclosing the monetary amount of the loss. Under these circumstances the ruling of the trial judge as to the naming of the doctors and the condition of the brakes was not harmful error, but it is directed that on a retrial of the case the petition be amended to show the monetary amount of damage to the suit of clothing, or else the allegation in regard to damage to the suit of clothing be stricken.

■ In grounds 5, 7, and 11 of the motion for a new trial error is assigned on an excerpt from the charge, as follows: "Under the law, you are made the exclusive judges of the credibility of the witnesses; and that being so, you will determine for yourselves where the greater weight or preponderance of the evidence rests upon any question you have under consideration. In passing on the credibility of the witnesses, you have a right to take into consideration the manner and deportment of the witnesses as they were examined on the witness stand in your presence; the means and opportunity they had for knowing the facts about which they testified; their relationship in any way to the parties, or the absence of such relationship; the probability or improbability of the facts to which they did testify; the reasonableness of their testimony, in your opinion, and you may also take into consideration the personal credibility of the witnesses as that is made to appear to you from the trial of the case under your consideration." Varied reasons are given in the grounds of the motion in support of the contention of the defendant that this excerpt was error. The gist of these contentions is that the judge undertook to charge the principles of Code § 38-107, relating to a determination of the preponderance of the evidence, and failed to charge all of the elements as given in this Code section, as is necessary if the section is given in charge at all, or that, if the charge was on the credibility of witnesses, the court failed to instruct the jury fully in this respect.

As clearly shown by the second sentence of the excerpt, this being primarily the portion of the excerpt of which complaint is made, the judge was charging the jury as to what could be considered "In passing on the credibility of the witnesses," and not as to those elements which could be considered in determining the preponderance of the evidence. While Code § 38-107 provides a definite standard for a charge on the elements which the jury may consider in determining the preponderance of the evidence, and while it is true that for the most part these same elements are also applicable in a determination of the credibility of witnesses, the Code fails to provide a definite standard for a charge on the credibility of witnesses, but, instead, provides in § 38-1805 that "The credibility of a witness is a matter to be

determined by the jury under proper instructions from the court." We think that the charge as given was proper in this respect. It substantially covers those elements which might be considered in determining the credibility of witnesses, and there is no indication of any request to charge more specifically in regard to what could be considered in relation to the credibility of witnesses. In this connection see and compare *Edge* v. *Dorsey*, 78 *Ga. App.* 70, 74 (1) (50 S. E. 2d, 227); *Atlas Auto Finance Co.* v. *Atkins*, 79 *Ga. App.* 91, 95 (3) (53 S. E. 2d, 171); *Quinton* v. *Peck*, 195 *Ga.* 299, 303 (3) (24 S. E. 2d, 36). No error is shown by grounds 5, 7, and 11 of the motion.

■ In ground 8 of the motion error is assigned on the admission in evidence of testimony of the plaintiff that Cheramie told him the day after the collision that sometime prior thereto "his left front brake had become defective and he had been intending to get it fixed but never had." The objection made to the testimony at the time of its admission was that it was not relevant or material, and not binding on the defendant, being a conversation with an agent.

Cheramie testified on direct examination: "As to how long Mr. Waltman and I stayed there together on the scene of the accident, it must have been about an hour before the police got the truck off the road. I didn't see him any more." On cross-examination he testified: "I had not been having trouble with my brakes. That is a brand new truck with about 3000 miles on it. I had not had trouble with my left front brakes grabbing. It wasn't true that when I applied my brakes it would grab. As to whether I didn't tell Mr. Waltman and tell the policeman that is what happened, that when I applied my brakes, my left front wheel grabbed, no, sir, I said the same thing. I did tell them that when I applied my brakes my left front wheel grabbed. I did not tell them that I had been having trouble with my truck. My left brake would grab on the left front wheel. That wasn't what threw me on the other side of the road. Slick tar was what was wrong." Later, on cross-examination, he testified as to attempts to see the plaintiff after the collision and after the plaintiff had left the scene of the collision, without indicating that he saw him. It was after the testimony of Cheramie, when the plaintiff was recalled as a witness in rebuttal,

that he gave the testimony, on the admission of which, over objection, error is assigned. Under the circumstances here shown the testimony was admissible for the purpose of impeaching the testimony of Cheramie. No error is shown by ground 8 of the motion.

■ Error is assigned in ground 9 of the motion on an excerpt from the charge of the court, as follows: "I charge you, gentlemen of the jury, that the defendant and plaintiff owed to each other the duty of ordinary care. The standard of care and diligence required by law of both the defendant and the plaintiff is ordinary care and is the same. Ordinary care and diligence is that care and diligence which every prudent man would exercise under the same or similar circumstances and like surroundings. The absence of such care is ordinary neglect or negligence. I charge you that the duty to exercise ordinary care and diligence on the part of the plaintiff does not arise until the danger to him and his property arises and is apparent." The defendant contends that the last sentence in this excerpt was "erroneous as imposing a lesser duty upon plaintiff than that imposed by law, inasmuch as plaintiff, the driver of a car on a public highway, was at all times under a duty to exercise ordinary care and diligence, and would not be permitted to wait until danger arose and became apparent to him to commence exercising ordinary care and diligence, and inasmuch as, secondly, even as regards plaintiff's further duty to exercise ordinary care to avoid the consequence of defendant's negligence, if any, such further duty would arise when plaintiff, in the exercise of ordinary care, could have discovered such negligence, if any, and would not be postponed until such time as the danger actually became apparent to plaintiff."

Under the plea and answer of the defendant, negligence of the plaintiff as the proximate cause of the collision was an issue, as was negligence of the plaintiff in failing to avoid the consequences of the negligence of the defendant. Although in conflict with other testimony, the driver of the truck estimated the speed of the automobile as 60 to 65 m.p.h. just prior to the collision, and such a speed is in excess of the legal limit and is negligence per se. If the automobile was moving at this speed before the apparent danger of the presence of the truck could

have been discovered in the exercise of ordinary care, this might have been the cause or a contributing cause to the collision or the amount of damage incurred, even if thereafter there was an exercise of ordinary care on the part of the driver for his own safety and that of others on the highway. Such a determination would be in the province of the jury. There is a duty on the part of every operator of a vehicle on the public highways to exercise ordinary care at all times in the operation of the vehicle, for his own safety and the safety of others. See *Sprayberry* v. *Snow*, 190 *Ga.* 723, 728 (10 S. E. 2d, 179). Certain duties in this respect are defined in the Code, Chapter 68-3. When in the exercise of such care an apparent danger becomes discoverable, caused by the negligence of another, it is then the duty of the operator of the vehicle to exercise ordinary care to avoid the consequences of the other's negligence. Code, § 105-603; *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708 (39 S. E. 306). To charge the jury "that the duty to exercise ordinary care and diligence on the part of the plaintiff does not arise until the danger to him and his property arises and is apparent," under the facts and circumstances as disclosed by the pleadings and the evidence in this case, without any explanation in connection therewith, may have conveyed an impression to the jurors that the plaintiff was under no duty whatsoever to exercise ordinary care until after the danger created by the presence of the truck in the wrong lane of the highway became apparent. The charge as given, on which error is assigned in ground 9 of the motion, was erroneous for the reasons herein indicated.

■ In ground 10 of the motion error is assigned on a part of the charge of the court, as follows: "No person can recover damages, unless the party against whom the damages are claimed is guilty of negligence, and such negligence is the proximate cause of the injury, and even in cases where the jury might believe that the defendant might be guilty of negligence, the person claiming the damages cannot recover, if he could have by the exercise of ordinary care avoided the consequence of defendant's negligence. That being so, if you believe from the evidence in this case that the plaintiff, by the exercise of ordinary care, after the danger arose and was apparent and impend-

ing, could have avoided the consequences to himself, then the plaintiff could not recover. But if you believe that the plaintiff and the defendant were both negligent and the negligence of plaintiff was not equal to nor greater than the negligence of the defendant, then you would have the right to compare the negligence of the two parties and balance the one against the other. Then, if you find that the negligence of the defendant was greater than the negligence of the plaintiff, the plaintiff would be entitled to recover, but the jury should diminish the damages to the plaintiff, if they find damages in his favor, in proportion to that which plaintiff contributed to his injury." It is contended, among other things, that two distinct rules of law are confused, the duty to avoid the consequences of another's negligence and the rule of comparative negligence, and that the defendant was deprived of the full benefit of the rule as to a bar to recovery if the plaintiff could have by the exercise of ordinary care avoided the consequences of the defendant's negligence, where the plaintiff and the defendant were both negligent and the negligence of the defendant was greater than the plaintiff's negligence, the judge instructing the jury that in the latter event the plaintiff could recover without respect to the former rule.

The charge here complained of, under the ruling in *Americus, Preston & Lumpkin R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), may have been confusing and misleading to the jury and was error.

■ Inasmuch as a reversal of the final judgment of the trial court is required for the reasons heretofore indicated no ruling will be made on the general grounds of the motion, including the issue of whether or not the verdict was excessive.

■ The trial judge erred in overruling the motion for a new trial.

*Judgment reversed. Felton and Worrill, JJ., concur.*