34328. ATLANTA GAS LIGHT COMPANY *v.* PASS *et al.*
34329. ALDRIDGE *v.* PASS *et al.*

DECIDED JANUARY 17, 1953.

*Henry L. Barnett,* for plaintiff in error (Case No. 34328).

*Y. A. Henderson, Beverly Langford, Maddox & Maddox, Matthews, Maddox & Bell,* contra.

*Beverly Langford, Matthews, Maddox & Bell,* for plaintiff in error (Case No. 34329).

*Y. A. Henderson, Henry L. Barnett, Maddox & Maddox,* contra.

FELTON, J. 1. The original petition alleged: "Robert G. Pass brings this petition against Atlanta Gas Light Company, a corporation, and M. G. Aldridge Company, and shows the following facts . . That the defendant, M. G. Aldridge, is located in the City of Macon, Bibb County, Georgia, and your petitioner is unable to allege whether said defendant is a corporation or partnership or individual doing business under a trade name. . ." The process contained the direction: "The defendant Atlanta Gas Light Co. and M. G. Aldridge Co. [are] hereby required personally or by attorney to be and appear . ." The sheriff's return of service as to the defendant Aldridge was as follows: "I have this day served the defendant M. G. Aldridge personally with a true copy of the within petition and process." M. G. Aldridge appeared specially and moved the court to vacate the return of service. The motion was overruled on February 5, 1952, and on the same day the plaintiff filed and had allowed subject to objection his first amendment, which struck the word "Company" from the words "M. G. Aldridge Company" wherever it appeared in the petition and process, so that that defendant appeared as M. G. Aldridge.

Where a corporation, or a trade name or a partnership is named defendant in a suit, the plaintiff may amend the petition to show that the defendant is an individual using a trade name, or to show the correct trade name or to show the names of the partners trading as a partnership. *Mauldin* v. *Stogner,* 75 *Ga. App.* 663 (44 E. 2d, 274), and cit.; *American Fidelity &c. Co.* v. *Farmer,* 77 *Ga. App.* 166, 177 (2) (48 S. E. 2d, 122),

and cit.; *Schnore* v. *Joyner*, 42 *Ga. App.* 688 (1) (157 S. E. 353); *Hudgins Contracting Co.* v. *Redmond*, 178 *Ga.* 317, 318 (2) (173 S. E. 135). "Whether the individual defendant is transacting business under one trade name or another is immaterial where he is individually served with process directed against him." *American Fidelity &c. Co.* v. *Farmer*, supra. The same rule applies where there is no trade name at all. Under the allegations of the petition, the defendant Aldridge could have been a corporation, a partnership, or a person trading individually, and this applies to the direction in the process. Assuming that this was a defect in the process, it was an amendable defect. *Schnore* v. *Joyner*, supra. The defendant did not attack the process as being defective, but moved "To vacate the said return of service upon him, M. G. Aldridge, because he is not a party to said suit since he is not named as a defendant in said petition, no judgment or process is not [sic] issued against him." An attack on the process should precede an attack on the service and, where there is a special appearance for the purpose of objecting to the jurisdiction of the person for lack of service, but the defective process is not attacked, such defect in the process is waived. *Harrison* v. *Lovett*, 198 *Ga.* 466, 471 (2) (31 S. E. 2d, 799).

2. Plaintiff in error Aldridge contends that the court erred in overruling his objection to the first amendment to the petition. This amendment struck the word "Company" from "M. G. Aldridge Company" wherever it appeared in the petition and process, so that the defendant appeared as M. G. Aldridge. The first ground of the objection was that the original petition did not contain enough to amend by. The ground is without merit. The plaintiff alleged: that he was traveling along the Dixie Highway about two miles north of Calhoun, Georgia, at about 6 p.m. on October 23, 1950; that it was raining, cloudy and dark; that the defendant Aldridge's bulldozer was in the process of filling a ditch in which a gas line had been laid, and was traveling in an opposite direction from the plaintiff in the plaintiff's traffic lane; that the bulldozer was unlighted; that the plaintiff, because of the lights of an approaching automobile, was unable to see the bulldozer until he was too close upon it to stop; that he collided with the bulldozer and was injured in

enumerated particulars because of the collision; that he was driving at a reasonable rate of speed of not more than forty miles per hour and was free from fault. The petition alleged a cause of action. *Mathis* v. *Nelson*, 79 *Ga. App.* 639, 640 (1) (54 S. E. 2d, 710); *McDowall Transport Inc.* v. *Gault*, 80 *Ga. App.* 445 (56 S. E. 2d, 161). The second, third, and fourth grounds of the objection were that the amendment added a new and distinct party to the action, that it substituted an individual for a corporation as defendant therein, and that it added a new and distinct cause of action. The grounds are without merit. *Schnore* v. *Joyner*, supra; *American Fidelity &c. Co.* v. *Farmer*, supra; *Hudgins Contracting Co.* v. *Redmond*, supra.

3. Plaintiff in error M. G. Aldridge contends that the court erred in overruling his objection to the second amendment. The grounds of the objection, excepting one, were the same as those set out in the objection to the first amendment, and are without merit for the reasons given in division two of the opinion. The other ground of the objection is that the second amendment pleads a different wrong from that pleaded in the original petition and the petition as first amended, and thus sets up a new and distinct cause of action. The ground is without merit. The original petition and the petition as first amended relied on the alleged negligence of operating the bulldozer in the plaintiff's traffic lane after dark without lights. The second amendment alleges that, by throwing dirt and mud upon the roadway, by failing to erect warning and protective barriers, etc., the defendants created a nuisance. In this amendment the plaintiff does not abandon the originally pleaded wrong, but instead reiterates his reliance on the alleged negligence of operating the bulldozer in the plaintiff's traffic lane after dark and without lights. *Community Gas Co.* v. *Williams*, 87 *Ga. App.* 67 (1) (73 S. E. 2d, 119). The new facts alleged in no way change or modify the negligence originally alleged and are at most only surplusage.

4. For the reasons given in divisions two and three, the court did not err in overruling the renewed general demurrer to the amended petition, filed by M. G. Aldridge.

5. Atlanta Gas Light Company filed an objection to the second amendment based on the same grounds as that of M. G. Aldridge. For the reasons given in division three, the court did not err in overruling the objection.

6. Atlanta Gas Light Company contends that the court erred in overruling its renewed general demurrer to the petition as finally amended. It is contended that the petition as amended did not show that Aldridge was an employee of the gas company, but rather showed that Aldridge was an independent contractor whose acts the gas company was not liable for. The gas company relies on the case of *Southern Bell Telephone &c. Co. v. Dekle*, 83 *Ga. App.* 261 (63 S. E. 2d, 275). It was held in that case: "The petition alleges only that Southern Bell had employed Wright & Lopez to do the excavation work *and does not allege that Southern Bell retained any control or direction over it.*" (Emphasis supplied.) Assuming that the allegations in the original petition and the amended petition show that Aldridge was an independent contractor, the original petition alleged "that said M. G. Aldridge Company was employed by the defendant Atlanta Gas Light Company and was engaged in carrying out work for said Atlanta Gas Light Company at said time and place and under the direction and supervision of said Atlanta Gas Light Company." The amended petition contained the additional allegations: "Plaintiff shows that one Hoyt Gladney, an employee of the defendant Atlanta Gas Light Company, was at the scene of the work and directing the progress of the same, and knew said bulldozer was on said highway at said time and place and without any lights being on the same." These allegations in the amended petition are sufficient as against a renewed general demurrer to show that Aldridge, in performing the activities alleged, was under the supervision and control of the gas company so as to make applicable the doctrine of respondeat superior.

The court did not err in overruling M. G. Aldridge's motion to vacate, objections to amendments and renewed demurrer, and did not err in overruling Atlanta Gas Light Company's objection to amendment and renewed demurrer.

*Judgments affirmed. Townsend and Worrill, JJ., concur. Sutton, C. J., disqualified.*